KENNETH LITTLE, Employee, Plaintiff v. PENN VENTILATOR COMPANY, Employer; and HOME INSURANCE CO., Carrier, Defendants

No. 8410IC982

(Filed 4 June 1985)

1. **Master and Servant §§ 73.1, 69— injury to eye—no loss of vision—compensable—greater risk of permanent disability—not compensable**

    Plaintiff's injury was compensable under G.S. 97-31(24) where a piece of metal hit him in the eye while he was operating a rivet machine because he suffered a permanent injury to his eye but did not lose the eye or suffer any loss of vision, and the Commission did not err by finding that the proper and equitable compensation was $2,500. Compensation for injuries under subsection (24) is within the discretion of the Commission, provided the amount of the award does not exceed $10,000, and, while the evidence tended to support plaintiff's claim that his risk of some form of future vision impairment was significantly increased, the statutory scheme makes no provision for additional recovery because a claimant may be subject to a greater risk of permanent disability as a result of the accident.

2. **Master and Servant § 75— award of future medical expenses—erroneous**

    The Industrial Commission erred by awarding future medical expenses to a plaintiff who had a piece of metal imbed itself in his eye while operating a rivet machine. G.S. 97-25 entitled plaintiff to reimbursement of such medical expenses as will lessen his period of disability, but plaintiff's disability ended

Little v. Penn Ventilator Co.

when he returned to work and began earning his old wage. While plaintiff is required to undergo continued medical treatment for his injury, the treatment is for the purposes of monitoring and observation rather than to hasten plaintiff's return to health or to give relief.

APPEAL by plaintiff and defendants from the opinion and award of the full Industrial Commission. Order entered 12 June 1984. Heard in the Court of Appeals 19 April 1985.

In this administrative proceeding, plaintiff seeks compensation from defendant Penn Ventilator for an injury to his left eye resulting from a job-related accident.

After an evidentiary hearing, the Deputy Commissioner for the Industrial Commission made the following pertinent findings of fact:

1. On March 28, 1980, plaintiff was operating a rivet machine when it malfunctioned and a piece of metal hit plaintiff in his left eye. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.

2. Plaintiff was hospitalized and treated for a laceration of his cornea and as a result of that treatment the piece of metal was left in his eye and the laceration was closed around it. As a result, plaintiff has a visible scar tract through the vitreous gel body of his left eye which presents a clear danger for retinal detachment in the future. Plaintiff has a scar in the retina surrounding the encysted foreign body. This type of injury results in a significantly increased occurrence of retinal detachment when compared with the incidence in normal, uninjured eyes.

3. As a result of the injury herein, plaintiff has suffered permanent injury to an important part of his body, i.e., his left eye, for which no compensation is payable under any other subdivision of this section. Plaintiff has not suffered any loss of vision as a result of this injury at this time.

. . .

5. As a result of the injury herein plaintiff will require periodic check-ups to make sure there is no loss of vision or rusting of the metallic body left in his eye or evidence of

retinal detachment; however, there is no provision in the Workers' Compensation Act for periodic medical examinations unless they are determined to be necessary to lessen the plaintiff's disability. That does not appear to be the case herein.

Based on these findings, the Deputy Commissioner awarded plaintiff $2,500 for the permanent injury to his eye, less his attorney's $350 fee. Plaintiff was also awarded reimbursement of medical expenses incurred as a result of the injury but the Deputy Commissioner held that defendant was not responsible for reimbursement of those expenses after plaintiff had reached maximum medical improvement.

Plaintiff appealed this decision to the full Industrial Commission which adopted the Deputy Commissioner's findings of fact and affirmed the $2,500 award. However, the full Commission modified the portion of the Deputy Commissioner's opinion and award relating to medical expenses as follows:

> However, it appears from a reading of the record that plaintiff will need monitoring of his medical condition in the future by his physicians so as to tend to lessen his period of disability. The portion of the decision relating to medical expenses shall be amended and revised to provide that the defendants shall continue to pay medical expenses incident to plaintiff's injury so long as his physician deems it necessary to lessen the period of disability.

One commissioner dissented on the grounds that $2,500 was inadequate compensation for plaintiff's injury because the injury created a risk that plaintiff could lose the injured eye in the future. Plaintiff and defendant appealed from the entry of this opinion and award.

*Ralph G. Jorgensen for plaintiff-appellant.*

*Hedrick, Eatman, Gardner, Feerick and Kincheloe, by Edward L. Eatman, Jr., for defendant-appellee.*

EAGLES, Judge.

The Commission held that plaintiff's injury was compensable under G.S. 97-31(24). Defendants contend that this was error. G.S. 97-31(24) provides as follows:

In case of the loss or for permanent injury to any important external or internal organ or part of the body for which no compensation is payable under any other subdivision of this section, the Industrial Commission may award proper and equitable compensation not to exceed ten thousand dollars ($10,000).

Defendant argues that plaintiff's injury, if it is compensable at all, is compensable under G.S. 97-31(16), which authorizes compensation "[f]or loss of an eye," or G.S. 97-31(19), which authorizes compensation for total or partial loss of vision in an eye. This argument is without merit.

Subsections (16) and (19) of G.S. 97-31 by their very terms contemplate some loss, either of the eye itself or of the vision in an eye. While plaintiff here has unquestionably sustained a permanent injury to his eye, the evidence at the time of his hearing shows, and the Commission found, that he did not lose the injured eye or suffer any loss of vision. Since plaintiff's injury is not specifically encompassed by subsection (16) or (19) or any other subsection of G.S. 97-31, subsection (24) was the appropriate basis for the Commission's award.

In his single assignment of error, plaintiff contends that $2,500 is not adequate compensation for the permanent injury to his eye. He argues that the evidence shows that he is subject to an increased risk of blindness in one or both of his eyes and to the risk of losing the injured eye as a result of the injury. He also contends that the evidence shows that his vision is getting worse due to developing cataracts. In support of his contention, plaintiff directs our attention to his testimony at the hearing, the medical report on his injury and treatment, and several letters from physicians who examined him, all of which were in the record before the Deputy Commissioner. Plaintiff cites several medical authorities in support of his assertion that injuries like the one he sustained create an increased risk that the victim will eventually suffer permanent partial or total blindness or other visual problems.

Defendant appeals from that part of the opinion and award directing defendant to reimburse plaintiff for the medical expenses he will incur as a result of the continued monitoring, observation and treatment that the record shows his injury will

require. Defendant argues that medical expenses may be awarded under G.S. 97-25 only if they are reasonably necessary "to effect a cure or give relief and for such other additional time as in the judgment of the Commission will tend to lessen the period of disability." Defendant contends that the evidence and facts show that plaintiff was not disabled within the meaning of the Workers' Compensation Act. Since there is no disability, defendant argues that the continued treatment that plaintiff requires will not lessen his "period of disability" and that the award of medical expenses for that continued treatment was therefore improper.

We disagree with plaintiff's contention and affirm the Commission's award of compensation for plaintiff's permanent injury. However, because we think that the Commission improperly directed the reimbursement of plaintiff's expenses for continued medical treatment, we reverse that portion of the opinion and award.

[1] Plaintiff's argument appears to be that the Deputy Commissioner's finding of fact which was adopted by the full Commission, that the "proper and equitable" compensation for plaintiff's injury was $2,500, is not supported by the evidence. On appeal from an award of the Industrial Commission, this court's review is limited to the questions of whether the findings made by the Commission are supported by competent evidence in the record and whether those findings support the conclusions of law drawn by the Commission. *Perry v. Furniture Co.*, 296 N.C. 88, 249 S.E. 2d 397 (1978). If supported by competent evidence, the Commission's findings are conclusive as to all questions of fact. *Id.*; *Barham v. Food World*, 300 N.C. 329, 266 S.E. 2d 676, *reh. denied*, 300 N.C. 562, 270 S.E. 2d 105 (1980); G.S. 97-86.

As already noted, plaintiff's injury is compensable under G.S. 97-31(24). In order to recover under this section, plaintiff must prove that he has sustained injury to or loss of an important internal or external organ or part of his body for which no compensation is payable under any other section of G.S. 97-31. *Porterfield v. R.P.C. Corp.*, 47 N.C. App. 140, 266 S.E. 2d 760 (1980). Plaintiff is not required to establish a diminution in wage earning capacity, though it may be considered in setting the amount of the award. *Key v. McLean Trucking*, 61 N.C. App. 143, 300 S.E. 2d 280 (1983). Here, there was clearly a permanent injury to plain-

Little v. Penn Ventilator Co.

tiff's eye for which compensation is payable under 97-31(24). While the amount of compensation for most injuries compensable under G.S. 97-31 is determined according to a statutory formula, compensation for injuries under subsection (24) appears to be within the discretion of the Commission, provided that the amount of the award does not exceed the $10,000 ceiling.

With these principles in mind, our review of the record in this case discloses nothing that would indicate that the amount that was awarded plaintiff was either inequitable or improper. While the evidence tends to support plaintiff's claim that his risk of some form of future vision impairment is significantly increased and he testified that his vision had in fact already been impaired somewhat, the Commission's finding that there was no loss of vision is supported by the evidence and is therefore binding on us.

Plaintiff's right to receive any compensation for his work-related injury is entirely governed by statute. The statutory scheme allows plaintiff to be compensated for "permanent injury" but makes no provision for additional recovery because a claimant may be subject to a greater risk of permanent disability as a result of his accident. Based on the record evidence, which included evidence of plaintiff's increased risk, the Commission found $2,500 to be the appropriate compensation for plaintiff's permanent injury. The amount awarded was within the discretion of the Commission. We cannot say that the award is not supported by the evidence or that the evidence requires a greater award. Plaintiff's contention is without merit.

[2] Turning to defendant's argument, we agree that the Commission's conclusion that plaintiff was entitled to reimbursement of future medical expenses was incorrect. This is a legal conclusion which we may review. *Jackson v. Highway Commission*, 272 N.C. 697, 158 S.E. 2d 865 (1968). "Disability" is defined under the applicable law as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." G.S. 97-2(9). *See Watkins v. Central Motor Lines*, 279 N.C. 132, 181 S.E. 2d 588 (1971). G.S. 97-25 entitles plaintiff to reimbursement of such medical expenses as will tend to "lessen [his] period of disability." The record before us reveals no evidence of continuing disability as that term is

defined in the Workers' Compensation Act. In fact, the evidence in this case shows affirmatively that plaintiff had returned to work after five weeks and was earning more than before his injury.

Thus, plaintiff's "period of disability" ended when he returned to work and began earning his old wage. The medical reports and letters from plaintiff's physicians indicate that he has reached maximum recovery and that his condition has remained stable. While plaintiff is required to undergo continued medical treatment for his injury, the treatment is for purposes of monitoring and observation rather than to hasten plaintiff's return to health or give relief. The expenses involved in that treatment are not recoverable under G.S. 97-25. *See Millwood v. Cotton Mills*, 215 N.C. 519, 2 S.E. 2d 560 (1939); *Peeler v. State Highway Comm'n*, 48 N.C. App. 1, 269 S.E. 2d 153 (1980), *aff'd*, 302 N.C. 183, 273 S.E. 2d 705 (1981).

We agree that this result is harsh on plaintiff; he has undoubtedly suffered a serious injury which, while not presently disabling, could manifest itself later in the form of partial or total blindness. We recognize that the injury requires plaintiff at the very least to submit to continued medical treatment and that it may require more extensive treatment in the future. However, we note again that plaintiff's right to recovery of any medical expenses is entirely statutory and that any change in the law is a legislative responsibility. While we are empowered to declare and enforce plaintiff's rights under the law, we may not enlarge them, no matter how compelling the facts may be. *See Peeler v. State Highway Comm'n, supra.* The award of future medical expenses must accordingly be reversed.

That part of the Industrial Commission's opinion and award awarding plaintiff $2,500 for the permanent injury to his eye is affirmed. That part of the opinion and award directing the reimbursement of plaintiff's future medical expenses is reversed.

Affirmed in part; reversed in part.

Judges WHICHARD and JOHNSON concur.