RONALD D. GUPTON, EMPLOYEE, PLAINTIFF v. BUILDERS TRANSPORT, EMPLOYER, AND SELF-INSURED, CARRIER, DEFENDANT

No. 8610IC243

(Filed 7 October 1986)

1. **Master and Servant § 69— workers' compensation—injuries compensable under G.S. § 97-31**

    Where all of an employee's injuries are compensable under N.C.G.S. § 97-31, compensation is limited to an award under that section regardless of the employee's inability or diminished ability to earn wages.

2. **Master and Servant § 73.1— workers' compensation—loss of field of vision— applicable statute**

    An injury in which plaintiff lost 7% of his field of vision in his right eye was compensable exclusively as a partial "loss of vision" under N.C.G.S. § 97-31(16) and (19) and was not compensable under N.C.G.S. § 97-29 as temporary total disability or under N.C.G.S. § 97-30 as permanent partial disability. Loss of visual field and loss of vision are not distinguishable under N.C.G.S. § 97-31.

3. **Estoppel § 4.3; Master and Servant § 69— workers' compensation—employer not estopped by letter**

    A letter from defendant employer's claims manager stating that plaintiff "could" receive certain benefits under N.C.G.S. § 97-30 did not constitute an admission which estops defendant from denying plaintiff's entitlement to compensation under N.C.G.S. § 97-30 where other evidence showed that the letter was only an explanation of possible benefits and not a promise to plaintiff that he would receive those benefits.

1

4. **Estoppel § 4.6; Master and Servant § 69— workers' compensation—estoppel— necessity for reliance**

> The doctrine of estoppel will not be applied in a workers' compensation case without a showing of detrimental reliance where the employer was not denying liability for coverage but was merely contesting whether additional benefits must be paid.

APPEAL by employee-plaintiff from the Opinion and Award of the North Carolina Industrial Commission entered 17 October 1985. Heard in the Court of Appeals 21 August 1986.

This is a workers' compensation case where the plaintiff suffered a compensable injury to his eye. Plaintiff was initially paid benefits but was denied additional benefits.

Plaintiff was employed by the defendant, Builders Transport, as a long distance truck driver. On 11 September 1984, plaintiff was injured at work when an elastic strap broke and struck him in his right eye. As a result, the plaintiff lost seven percent of his field of vision in the eye, even though his visual acuity in the remaining field was 20/20. This "blind spot" made plaintiff ineligible under Interstate Commerce Commission rules to continue driving a truck. At a meeting on 5 February 1985 between the plaintiff and the defendant's workers' compensation claims manager, Dave Sanders, the parties agreed that plaintiff would have to find another job. Plaintiff subsequently found work as a ceramic tile layer but at a lower wage than he had earned with the defendant.

The defendant paid the plaintiff temporary total disability benefits from the date of his injury until 11 January 1985, the date of plaintiff's maximum medical improvement. Defendant, without the approval of the Industrial Commission, continued to pay compensation to the plaintiff for an 8.4 week period, which was equal to plaintiff's permanent partial disability benefits under G.S. 97-31. During their 5 February 1985 meeting and subsequently in a letter and several telephone conversations, Mr. Sanders discussed with the plaintiff his eligibility for additional benefits under G.S. 97-30. On 14 February 1985, defendant notified plaintiff that it would not make any further payments at the end of the 8.4 week period. Plaintiff then requested a hearing before the Commission on the question of his entitlement to additional benefits under G.S. 97-30.

After the hearing, the Deputy Commissioner denied plaintiff's claim for additional compensation on the grounds that plaintiff's injury was compensable exclusively under G.S. 97-31(16) and (19), which compensates a partial loss of vision. The Deputy Commissioner also found that the defendant was not estopped to deny plaintiff's entitlement to compensation under G.S. 97-30 on the basis of any representations made to plaintiff by defendant. Plaintiff appealed the decision to the Full Commission, which affirmed the Deputy Commissioner. Plaintiff appeals.

*Lore & McClearen by R. James Lore for the plaintiff-appellant.*

*Womble, Carlyle, Sandridge & Rice, by Richard T. Rice and Nancy R. Hatch for the defendant-appellee.*

EAGLES, Judge.

I

Under G.S. 97-31(16), an employee is compensated for the loss of an eye in an amount equal to sixty-six and two-thirds of his average weekly wages for 120 weeks. As in the case of other scheduled injuries listed in G.S. 97-31, this has the practical effect of placing a specific dollar value on the injury based on the plaintiff's past wages. Similarly, when the employee suffers a partial "loss of vision," G.S. 97-31(19) provides that the employee is to be compensated for the loss in the proportion to the 120 week period stated in G.S. 97-31(16) as the partial loss bears to the total loss. Here, the Commission found that the plaintiff "sustained a seven percent permanent partial disability in his right eye," which was compensable under G.S. 97-31. Accordingly, the Commission found plaintiff was entitled to his average weekly wage for 7 percent of 120 weeks, or 8.4 weeks. Since the defendant had already paid the plaintiff that amount, the Commission denied plaintiff's claim for further benefits.

[1] The plaintiff contends that G.S. 97-31 is not the appropriate measure of compensation. Instead, plaintiff argues that he should have been compensated under either G.S. 97-29 or G.S. 97-30. G.S. 97-29 provides compensation for total temporary disability based on the employee's past wages. G.S. 97-30 applies when the disability is partial and benefits are based on the difference between the

employee's wages before the injury and the employee's wages after the injury. Either section would provide a greater measure of compensation to the plaintiff here. We note, however, that where all of the employee's injuries are compensable under G.S. 97-31, compensation is limited to an award under that section regardless of the employee's inability or diminished ability to earn wages. *Loflin v. Loflin*, 13 N.C. App. 574, 186 S.E. 2d 660, *cert. denied*, 281 N.C. 154, 187 S.E. 2d 585 (1972); *Jones v. Murdoch Center*, 74 N.C. App. 128, 327 S.E. 2d 294 (1985); G.S. 97-31.

[2] The plaintiff argues that the injury to his eye is not compensable under G.S. 97-31 and that the Commission decided the case under a misapprehension of the law. Plaintiff urges that the Commission erred by equating a 7% loss of field of vision with a 7% "loss of vision," for which G.S. 97-31(19) provides compensation. Plaintiff argues that since field of vision is distinguishable from visual acuity, G.S. 97-31 is inapplicable and he is entitled to compensation under either G.S. 97-29 or G.S. 97-30. We disagree.

As we have noted, G.S. 97-31 provides proportional compensation for partial "loss of vision." G.S. 97-31(16) and (19). Neither the statutes nor our case law define the term "vision." In the absence of legislative directive, we decline to interpret "loss of vision" so narrowly as to exclude loss of visual field, including only loss of visual acuity. The plaintiff cites our decision in *Little v. Penn Ventilator Co.*, 75 N.C. App. 92, 330 S.E. 2d 276 (1985), *rev'd in part and aff'd in part*, 317 N.C. 206, 345 S.E. 2d 204 (1986) as supporting his argument. Plaintiff's reliance on *Little*, however, is misplaced.

In *Little*, the employee sustained an injury when a metal sliver hit him in the left eye. The injury caused no damage to his vision nor did the employee lose his eye. In affirming the Commission's award under G.S. 97-31(24), which allows the Commission to award a lump sum of compensation where there is permanent injury to an organ for which no provision is made under the other subsections of G.S. 97-31, we held that the Commission properly found that the employee's injury was not covered by subsections (16) and (19). There, we said that "[s]ubsections (16) and (19) of G.S. 97-31 by their very terms contemplate some loss, either of the eye itself or of the vision in an eye." *Id.* at 95, 330 S.E. 2d at 278. There, the employee sustained neither. Here, the plaintiff has obviously sustained some loss of vision.

Plaintiff argues that we should distinguish loss of visual field from "loss of vision" because the latter is "correctable" while the former is not. G.S. 97-31, however, does not distinguish injuries on that basis. An examination of all of the scheduled injuries in G.S. 97-31, which includes loss of arms, legs, and total loss of an eye, reveals that none of them except partial loss of visual acuity are correctable. We find no legislative intent that G.S. 97-31 (19) should compensate only correctable loss of vision.

Since we affirm the Commission's finding that plaintiff's injury is compensable under G.S. 97-31(16) and (19), we find no merit in plaintiff's alternative argument that his injury is compensable under the "catch-all" provisions of G.S. 97-31(24).

II

Plaintiff's second argument is that the Commission erred in finding that the defendant was not estopped from denying plaintiff's entitlement to compensation under G.S. 97-30. The Commission found that the defendant made no specific promises of benefits to the plaintiff and further found that the plaintiff did not reasonably rely to his detriment on the representations the defendant did make. In reviewing those findings we are limited to determining (1) whether there is competent evidence to support the Commission's findings of fact and (2) whether those findings support its legal conclusions. *Barham v. Food World*, 300 N.C. 329, 266 S.E. 2d 676 (1980). After examining the record, we conclude that there is evidence to support the Commission's findings of fact and further conclude that the findings support the Commission's legal conclusion that the doctrine of estoppel is inapplicable here.

[3] Though plaintiff asserts that the defendant told him that he would be compensated for the difference between his wages before the injury and his wages after the injury for a period of up to 276.6 weeks, the Commission found otherwise. Our examination of the record indicates that there is evidence to support the Commission's contrary finding. On 5 February 1985, plaintiff met with Dave Sanders, the defendant's workers' compensation claims manager. At that meeting, the two discussed plaintiff's eligibility for temporary partial disability payments but Sanders made no specific representations to the plaintiff. The next day, Sanders wrote to plaintiff and outlined what his compensation would be under

G.S. 97-30 and said that plaintiff "could" receive those benefits. The plaintiff argues that this letter was an admission by the defendant that he was entitled to G.S. 97-30 benefits.

Other evidence, however, illustrates that the letter was an explanation of possible benefits and was not a promise to the plaintiff that he would receive those benefits. In his letter, Mr. Sanders underlined the word "could" twice. In this context, the underlined "could" meant that plaintiff might receive those benefits, not that in fact he would receive them. Further, Mr. Sanders testified that he told the plaintiff at their 5 February 1985 meeting that he did not know whether the plaintiff was entitled to temporary partial disability benefits under G.S. 97-30. He also testified that he spoke with the plaintiff by telephone the next day and told him that he was sending the letter to clear up any questions he might have but that he did not know whether plaintiff was entitled to additional compensation. Mr. Sanders also testified that he reemphasized the point in several telephone conversations with the plaintiff after plaintiff had received his letter.

Plaintiff himself testified that at the 5 February 1985 meeting the only thing that Mr. Sanders promised him was the 8.4 weeks of compensation they agreed upon. Although plaintiff may have interpreted defendant's representations as a promise to pay him compensation pursuant to G.S. 97-30, there is competent evidence to support the Commission's finding that in fact no promises were made.

[4] We note too that plaintiff has not shown, nor did he even allege, that he detrimentally relied on defendant's representations. Plaintiff contends that in workers' compensation cases the doctrine of estoppel should be applied without the necessity for a showing of detrimental reliance. While the reliance element of the doctrine of estoppel has been treated less stringently in some kinds of workers' compensation cases, under these facts we hold that for an employee to prevail he must have shown detrimental reliance.

The plaintiff relies on *Godley v. County of Pitt*, 306 N.C. 357, 293 S.E. 2d 167 (1982). In *Godley*, the court held that federally paid CETA employees did not have to show detrimental reliance for the state governmental unit which hired them to be estopped from denying coverage of the employee's work related injury.

There, the defendants denied liability for coverage of the employees after the county paid, and the insurance carrier accepted, workers' compensation premiums for the employee. The court, specifically limiting its holding to those facts, determined that this particular situation was best governed, not by "equitable" estoppel, but by "quasi" estoppel, which did not require a showing of "detrimental reliance *per se* by anyone." *Id.* at 361, 293 S.E. 2d at 170. Instead, under the facts of *Godley*, detrimental reliance was conclusively presumed. The court noted that the other workers' compensation cases where the reliance element had been dispensed with involved situations where the defendant sought to avoid coverage of a work related injury after accepting or paying the insurance premiums. In those cases, detrimental reliance may be conclusively presumed because "common sense" would suggest that employees would have made other arrangements to obtain coverage if the employer had not paid or the carrier had not accepted the premiums. *See Godley*, at 360-361, 293 S.E. 2d at 169-170.

*Godley* is readily distinguishable on its facts. Here, the defendant is not denying liability for coverage of the injury but is merely contesting whether additional benefits must be paid. Nor is this a case where detrimental reliance could be conclusively presumed to exist. Nothing here indicates we should discard the detrimental reliance requirement of the doctrine of estoppel. The doctrine is a remedial device which is used to aid the law in administering justice when injustice would otherwise result. *Thompson v. Soles*, 299 N.C. 484, 263 S.E. 2d 599 (1980). Since plaintiff has not detrimentally relied, there is no injustice to remedy and principles of estoppel are inapplicable.

Plaintiff's final assignment of error is that the Commission erred in including a "comment" section in its opinion and award. While we have said that including a "comment" section sometimes makes our review more difficult than it need be, *see Ward v. Beaunit Corp.*, 56 N.C. App. 128, 287 S.E. 2d 464 (1982), it is not necessarily error to do so. This assignment of error is without merit.

The opinion and award of the Industrial Commission is

Affirmed.

Judges ARNOLD and PARKER concur.