RONALD D. GUPTON, EMPLOYEE, PLAINTIFF v. BUILDERS TRANSPORT, EMPLOYER, AND SELF-INSURED, CARRIER, DEFENDANT

No. 671PA86

(Filed 7 July 1987)

**Master and Servant § 69— workers' compensation—eye injury—reduced wages— choice of scheduled benefits or partial disability**

Where plaintiff truck driver received a compensable eye injury that resulted in a partial loss of his field of vision and prevented him from meeting I.C.C. standards for truck drivers, and plaintiff has been unable to find work at wages comparable to those he had been earning as a truck driver before the accident, plaintiff is entitled to either scheduled benefits under N.C.G.S. § 97-31 or permanent partial disability benefits under N.C.G.S. § 97-30 and may select the remedy offering the more generous benefits.

Justice MITCHELL did not participate in the consideration or decision of this case.

Justice MEYER dissenting.

Justice WEBB dissenting.

ON plaintiff's petition for discretionary review pursuant to N.C.G.S. § 7A-31 of a decision by the Court of Appeals, 83 N.C. App. 1, 348 S.E. 2d 601 (1987), affirming the opinion and award of the Industrial Commission. Heard in the Supreme Court 12 May 1987.

*Lore & McClearen, by R. James Lore, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by Richard T. Rice and Nancy R. Hatch, for defendant-appellee.*

WHICHARD, Justice.

Plaintiff was employed by defendant-employer as a long-distance truck driver. He was accidentally injured on 11 September 1984 when an elastic strap broke and struck him in the eye. The accident did not affect plaintiff's visual acuity, but it resulted in a blind spot covering seven percent of the visual field of that eye. This defect prevented plaintiff from meeting minimum standards set by the Interstate Commerce Commission, and, because there were no alternative positions available with his employer, he was discharged. Subsequently plaintiff has been unable to find

work at wages comparable to those he had been earning as a truck driver before the accident.

From the date of the accident until 11 January 1985, when plaintiff reached maximum medical improvement from the injury, he was paid all temporary total disability benefits to which he was entitled. Thereafter, the employer voluntarily sent a check for 8.4 weeks of compensation for the weeks from 12 January 1985 through 12 March 1985. On 14 February 1985 the employer notified plaintiff that it would pay no further compensation.

At the hearing on his claim plaintiff testified as to the wage differential between his current job and that he had had with defendant. Plaintiff introduced into evidence a memorandum from his employer's "Workers' Compensation Claims Manager" attaching copies of N.C.G.S. §§ 97-29 and -30. The memorandum pointed out that the maximum compensation rate for plaintiff's injury was $262.00 and that under section 97-30 he would be entitled to 66⅔ percent of the difference between his average weekly wage with Builders Transport and the average weekly wage on his new job. The memorandum concluded that the maximum benefit period is 300 weeks, less the number of weeks of temporary total disability and permanent partial disability already paid, and stressed that plaintiff *could* receive benefits up to 276.6 weeks. On the basis of the memorandum and a telephone conversation with the claims manager, plaintiff argued before the Deputy Commissioner that the doctrine of estoppel precluded his employer from refusing to pay benefits to which he was entitled under N.C.G.S. § 97-30.

The Deputy Commissioner concluded that plaintiff's injury was compensable as a scheduled injury under N.C.G.S. § 97-31(16), entitling him to an award of his average weekly wage for seven percent of 120 weeks, or 8.4 weeks. Plaintiff had already received this amount, and his claim for additional benefits was denied. In a comment to his findings the Deputy Commissioner specifically remarked that "it seems apparent in this case that compensation under [N.C.]G.S. 97-31(16) would operate to prohibit recovery under [N.C.]G.S. 97-30."

The full Commission adopted the opinion and award of the Deputy Commissioner. One Commissioner dissented, opining that the majority had erred in awarding the plaintiff compensation

under N.C.G.S. § 97-31; instead, it should have awarded compensation under N.C.G.S. § 97-30 "because the evidence clearly and indisputably proves his partial incapacity to earn wages as a result of his injury."

The Court of Appeals affirmed the Commission's award, declining to exclude from the definition of "loss of vision," for which N.C.G.S. § 97-31(19) provides compensation, partial loss of "field of vision." The opinion relied upon case law from that court in noting that "where all of the employee's injuries are compensable under G.S. 97-31, compensation is limited to an award under that section regardless of the employee's inability or diminished ability to earn wages." *Gupton v. Builders Transport*, 83 N.C. App. 1, 4, 348 S.E. 2d 601, 602 (1986).

In holding that plaintiff was limited to the benefits to which he was entitled under N.C.G.S. § 97-31, the Court of Appeals overlooked case law from this Court indicating that an award under N.C.G.S. § 97-31 does not necessarily foreclose the award of additional benefits to which a claimant might be entitled.

In *Hall v. Chevrolet Co.*, 263 N.C. 569, 139 S.E. 2d 857 (1965), the plaintiff was initially awarded benefits for disfigurement under N.C.G.S. § 97-31(21). At the time of his hearing the plaintiff, who had reached maximum medical improvement, had not yet attempted to return to work since the accident, so he presented no evidence of total or partial incapacity to work under N.C.G.S. §§ 97-29 and -30. His claim for benefits under those provisions was consequently denied. A year later, however, the plaintiff moved to reopen his case on the basis of changed condition, offering into evidence the fact that he was earning $30 less per week than he had earned before the accident. The Commission denied the motion, essentially because the evidence had been erroneously termed "changed condition" rather than "newly discovered evidence." In remanding to the Commission for reconsideration of the evidence that the plaintiff had suffered a diminution in earning capacity, this Court noted that "[h]ad plaintiff presented this proof at the [first] hearing . . . , the Commission would doubtlessly have found him entitled to an award under [N.C.]G.S. Sec. 97-30. The award which plaintiff received [as a result of that hearing] was for external facial or head disfigurement under [N.C.]G.S. Sec. 97-31(21)." *Id.* at 575, 139 S.E. 2d at 861.

The critical feature of *Hall*, for purposes of this analysis, is that despite the fact that the plaintiff had already received an award under N.C.G.S. § 97-31, this Court recognized that he might also be entitled to benefits under N.C.G.S. § 97-30.

In *Whitley v. Columbia Lumber Mfg. Co.*, 318 N.C. 89, 348 S.E. 2d 336 (1986), this Court reached an analogous conclusion regarding N.C.G.S. § 97-29, which governs compensation for total and permanent disability. The plaintiff in *Whitley* suffered injuries to his arm and hand. Because the injuries were sufficiently severe to preclude his returning to his old job and because he was illiterate and sixty years old, his "job potential [was] zero." *Id.* at 91, 348 S.E. 2d at 337. Although the plaintiff's injuries were included in the schedule set out in N.C.G.S. § 97-31, this Court concluded that

Section 29 is an alternate source of compensation for an employee who suffers an injury which is also included in the schedule. The injured worker is allowed to select the more favorable remedy, but he cannot recover compensation under both sections because section 31 is "in lieu of all other compensation."

*Id.* at 96, 348 S.E. 2d at 340.

This Court reasoned that the 1943 amendment adding that section 31 "shall be in lieu of all other compensation" was adopted in response to the portion of the opinion in *Stanley v. Hyman-Michaels Co.*, 222 N.C. 257, 22 S.E. 2d 570 (1942), holding that nothing in the Workers' Compensation Act prohibited recovery for both the loss of a member and the disfigurement caused thereby. The opinion in *Stanley* provoked the amendment by noting that "[i]f the legislature intended to restrict compensation for disfigurement to those parts, members or organs of the body for which no compensation is provided in the schedules, we think it failed to express such intention in the statute." *Id.* at 262, 22 S.E. 2d at 574. The Court concluded that an "in lieu of" clause was deliberately absent from section 31. *Id.* at 263, 22 S.E. 2d at 574. The legislature responded by adding the restricting clause, but the Court in *Whitley* concluded that this amendment had no effect upon the possibility that an injury could be compensated by the provisions of more than one section of the Workers' Compensation Act. *Whitley*, 318 N.C. at 96-97, 348 S.E. 2d at 340. When a

single injury is covered by more than one section of the Act, the Commission may select a remedy. *See, e.g., Harrell v. Harriet & Henderson Yarns*, 314 N.C. 566, 578, 336 S.E. 2d 47, 54 (1985); *Fleming v. K-Mart Corp.*, 312 N.C. 538, 547, 324 S.E. 2d 214, 219 (1985). So may the plaintiff when his injury is included in the schedule and he is also entitled to compensation under N.C.G.S. § 97-29. *Whitley v. Columbia Lumber Mfg. Co.*, 318 N.C. at 96, 348 S.E. 2d at 340.

The Court's analysis of N.C.G.S. § 97-31 in *Whitley* honors the "fundamental rule that the Work[ers'] Compensation Act 'should be liberally construed to the end that the benefits thereof derived should not be denied upon [a] technical, narrow and strict interpretation.'" *Hall v. Chevrolet Co.*, 263 N.C. at 576, 139 S.E. 2d at 862, quoting *Johnson v. Hosiery Co.*, 199 N.C. 38, 40, 153 S.E. 2d 591, 593 (1930). Acknowledgment of this rule, of the precedent of *Hall*, and of this Court's interpretation of the "in lieu of all other compensation" language of N.C.G.S. § 97-31 in *Whitley*, compels our conclusion that plaintiff here is entitled to either scheduled benefits under N.C.G.S. § 97-31 or permanent partial disability benefits under N.C.G.S. § 97-30.

Moreover, we note the symmetry of N.C.G.S. § 97-29 and N.C.G.S. § 97-30, which both provide compensation for loss of wages due to a "disability." "Disability" is defined in N.C.G.S. § 97-2(9) as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." When an employee suffers a "diminution of the power or capacity to earn," *Branham v. Panel Co.*, 223 N.C. 233, 237, 25 S.E. 2d 865, 868 (1943), he or she is entitled to benefits under N.C.G.S. § 97-30. When the power or capacity to earn is totally obliterated, he or she is entitled to benefits under N.C.G.S. § 97-29. *See, e.g., Whitley v. Columbia Lumber Mfg. Co.*, 318 N.C. 89, 348 S.E. 2d 336; *Fleming v. K-Mart Corp.*, 312 N.C. 538, 324 S.E. 2d 214. This symmetry logically leads us to hold that a claimant who is entitled to benefits under either N.C.G.S. § 97-31 or N.C.G.S. § 97-30 may select the more munificent remedy. "The pervasive canon of statutory construction [is] that where two remedies are created side by side in a statute the claimant should have the benefit of the more favorable." 2 A. Larson, *The Law of Workmen's Compensation* Sec. 58.25 (1987). Accordingly, "[w]here an employee can show that the physical injury

from which he is suffering causes appreciable employment disability, the employee is allowed to recover under which provisions affords [*sic*] him greater compensation." *Patin v. Continental Cas. Co.*, 424 So. 2d 1161, 1165 (La. App. 1982). *See also Dayal v. Provident Life & Accid. Ins. Co.*, 71 N.C. App. 131, 132, 321 S.E. 2d 452, 453 (1984) ("[T]he provisions of the Act are to be construed liberally and *in favor of* the employee." (Emphasis added.) ).

Because stacking of benefits covering the same injury for the same time period is prohibited, *Whitley v. Columbia Mfg. Co.*, 318 N.C. at 95-96, 348 S.E. 2d at 340, *American v. Efird Mills*, 51 N.C. App. 480, 490, 277 S.E. 2d 83, 89-90, *cert. denied*, 304 N.C. 197, 285 S.E. 2d 101 (1981), *modified on other grounds and aff'd*, 305 N.C. 507, 290 S.E. 2d 634 (1982), and because the prevention of double recovery, not exclusivity of remedy, is patently the intent of the "in lieu of all other compensation" clause in N.C.G.S. § 97-31, a plaintiff entitled to select a remedy under either N.C.G.S. § 97-31 or N.C.G.S. § 97-30 may receive benefits under the provisions offering the more generous benefits, *less* the amount he or she has already received.

In order to secure an award under N.C.G.S. § 97-30, the plaintiff has the burden of showing "not only permanent partial disability, but also its degree." *Hall v. Chevrolet Co.*, 263 N.C. at 575, 139 S.E. 2d at 861. "The compensation is to be computed upon the basis of the difference in the average weekly earnings before the injury and the average weekly wages *he is able to earn* thereafter." *Branham v. Panel Co.*, 223 N.C. at 236, 25 S.E. 2d at 867. Although the Commission entered no findings regarding plaintiff's current earning capacity as a ceramic tile layer, testimony and exhibits in the record of proceedings before the Deputy Commissioner are sufficient evidence upon which the Commission could have based a finding of partial incapacity and an award of benefits under N.C.G.S. § 97-30.

A proceeding determined under a misapprehension of the applicable principles of law must be remanded to the Commission for consideration and adjudication of all the employee's compensable injuries and disabilities. *Hall v. Chevrolet Co.*, 263 N.C. at 578, 139 S.E. 2d at 863. Such "principles of law" include prior statutory construction by this Court, for "[t]he interpretation of a statute by the highest courts of a state by which the statute was enacted

is generally regarded as an integral part of the statute . . . ." 73 Am. Jur. 2d *Statutes* 143 (1974). The majority in the Commission was apparently unaware that a plaintiff might be entitled to benefits under more than one section of the Workers' Compensation Act, an entitlement recognized by this Court in both *Hall* and *Whitley.* Accordingly, we reverse the decision of the Court of Appeals and remand to that court for further remand to the Industrial Commission for consideration of plaintiff's entitlement to benefits under N.C.G.S. § 97-30.

Reversed and remanded.

Justice MITCHELL did not participate in the consideration or decision of this case.

Justice MEYER dissenting.

For the reasons stated in my dissenting opinions in *Whitley v. Columbia Lumber Mfg. Co.*, 318 N.C. 89, 348 S.E. 2d 336 (1986), and *Fleming v. K-Mart Corp.*, 312 N.C. 538, 324 S.E. 2d 214 (1985), I dissent. I also wish to add the following:

THE QUESTION OF WHETHER TO EXTEND THE RULING IN *WHIT-LEY* TO N.C.G.S. § 97-30 IS NOT PROPERLY BEFORE THIS COURT.

Building on the erroneous decision in *Whitley*, the majority, once again by judicial legislation, extends the ruling in *Whitley* as to N.C.G.S. § 97-31 to N.C.G.S. § 97-30, a result never intended by our legislature. It has chosen to do so in a case in which the question is not properly presented. At the hearing before Deputy Commissioner Burgwyn, plaintiff based his claim for benefits under N.C.G.S. § 97-30 on two theories. First, plaintiff contended that his loss of visual field is not compensable as a scheduled injury since he suffered no loss of "visual acuity." Second, plaintiff argued that the defendant "promised" payments under N.C.G.S. § 97-30 and that the Industrial Commission should enforce this promise. *Plaintiff did not argue that his alleged loss of wage-earning capacity, in and of itself, entitled him to benefits under N.C.G.S. § 97-30.*

Deputy Commissioner Burgwyn found that plaintiff had sustained a seven percent permanent partial disability of his right eye and concluded that he is entitled to an award under N.C.G.S. § 97-31(16). On appeal, the full Commission affirmed.

*Plaintiff appealed to the Court of Appeals and again based his argument for compensation under N.C.G.S. § 97-30 on facts other than his alleged loss of earning capacity.* In an opinion filed 7 October 1986, the Court of Appeals affirmed the opinion and award of the Industrial Commission. Plaintiff filed a petition for rehearing on 24 October 1986, based on this Court's decision in *Whitley.* The Court of Appeals denied plaintiff's petition on 28 October 1986. *Plaintiff then filed a petition for discretionary review with this Court, arguing, for the first time, that he is entitled to compensation under N.C.G.S. § 97-30 solely on the basis of lost wages.* Prior to the filing of this petition, the plaintiff's claim for benefits under N.C.G.S. § 97-30 hinged, not on lost wages, but on allegations that his eye injury was not a scheduled injury. *This Court granted plaintiff's petition, despite the fact that the question upon which plaintiff based his petition was not properly presented for review to the Court of Appeals.* The question upon which plaintiff now bases his claim was not properly presented for review to the Court of Appeals and cannot properly be brought before this Court under Rule 16 of the North Carolina Rules of Appellate Procedure. *See, e.g., State ex rel. Utilities Comm. v. Nantahala Power & Light Co.,* 313 N.C. 614, 649, 332 S.E. 2d 397, 418-19 (1985) ("[T]his Court's scope of review is limited to questions properly presented to the Court of Appeals[;] . . . a party may not present for the first time in its brief to this Court, a question raising issues of law not set out in the assignments of error contained in the record on appeal."); *Sales Co. v. Board of Transportation,* 292 N.C. 437, 443, 233 S.E. 2d 569, 573 (1977) ("The potential scope of our review is limited by the questions properly presented for first review in the Court of appeals. . . . 'The attempt to smuggle in new questions is not approved.' *State v. Colson,* 274 N.C. 295, 309, 163 S.E. 2d 376, 386 (1968).").

THE RULING IN *WHITLEY* SHOULD NOT GOVERN THIS CASE.

In his brief before this Court, plaintiff essentially argues that the Court of Appeals erred in failing to extend this Court's decision in *Whitley* to the facts of his case. This argument is not persuasive. First, *Whitley* applies only to cases involving permanent total disability. In this action, the claimant is not permanently totally disabled. Second, this Court's decision in *Whitley* is a departure from the law in effect at the time of Mr. Gupton's injury. Accordingly, it should not apply to his claim for benefits.

The Court of Appeals did not err in failing to apply *Whitley* to the facts of this case. The holding in *Whitley* is limited to claims of permanent total disability and is clearly distinguishable from the present case, in which it is undisputed that the claimant is presently employed. Moreover, this Court should not extend the decision in *Whitley* to claims of permanent partial disability. While the majority cites *Hall v. Chevrolet Co.*, 263 N.C. 569, 139 S.E. 2d 857 (1965), as authority for its position, it is quite clear that the intent is to extend *Whitley*.

In *Hall* the claimant was not, at the time of his initial hearing, in a position to pray for permanent partial disability. Because he had not attempted to go back to work, he was in no position to show the impairment of his wage earning capacity. *Hall* was based not on the theory of election, rather on the theory of newly discovered evidence, i.e., that he discovered his reduced earning capacity only upon his return to work. This Court so recognized in its opinion in *Hall*.

In *Whitley*, this Court judicially expanded the statutory liability of employers based, in part, on the legislature's action in amending N.C.G.S. § 97-29 to allow for recovery of lifetime benefits:

As originally enacted, section 29 limited compensation for total permanent disability to a maximum of 400 weeks. The legislature removed the time limitation in 1973. . . . The legislature's expansion of section 29 in 1973 reflects an obvious intent to address the plight of a worker who suffers an injury permanently abrogating his earning ability.

318 N.C. at 98, 348 S.E. 2d at 341 (citations omitted). This Court relied on the legislative expansion of benefits under N.C.G.S. § 97-29 in reaching its decision in *Whitley*. Given that the legislature did not amend N.C.G.S. § 97-30 in a similar manner (N.C.G.S. § 97-30 still states: "and in no case shall the period covered by such compensation be greater than 300 weeks from the date of injury"), this Court should not extend the expanded liability imposed by *Whitley* to cases of permanent partial disability.

EVEN IF *WHITLEY* IS APPOSITE, IT SHOULD NOT BE APPLIED TO
THE CLAIM NOW BEFORE THIS COURT.

Even if this Court does extend the holding in *Whitley* to
workers who are not permanently totally disabled, this expanded
statutory liability should not be applied to Mr. Gupton's claim for
benefits. A claimant's right to compensation under the North Car-
olina Workers' Compensation Act in cases of accidental injury is
governed by the law in effect at the time of the injury. *Wood v.
Stevens & Co.*, 297 N.C. 636, 256 S.E. 2d 692 (1979). The law in ef-
fect at the time of the injury includes any *prior* statutory con-
struction by this Court. Interpretation of a statute, such as
N.C.G.S. § 97-31, by the highest court of the state is generally
regarded as an integral part of the statute. 73 Am. Jur. 2d *Stat-
utes* § 143 (1974). *See also Stynchombe v. Walden*, 226 Ga. 63, 172
S.E. 2d 402 (1970) (authoritative interpretation of a statute by the
highest state court puts words into the statute as definitely as if
it had been so amended by the legislature); *Nobin v. Randolph
Corp.*, 180 Va. 345, 23 S.E. 2d 209 (1942) (construction part of a
statute by the court of last resort becomes a component part of
the statute).

The decision in *Whitley* was not the law "in effect at the
time of the injury" and should not be applied to this action.
While, as a general rule, a decision of a court of supreme jurisdic-
tion that overrules a former decision is retrospective in its opera-
tion (*see, e.g., Cox v. Haworth*, 304 N.C. 571, 284 S.E. 2d 322
(1981)), this rule does not apply to decisions such as *Whitley* in
which there are compelling reasons against retroactive applica-
tion. *See, e.g., Rabon v. Hospital*, 269 N.C. 1, 152 S.E. 2d 485
(1967) (decision abolishing charitable immunity applied prospec-
tively because of justified reliance on prior case law); *Wilkinson v.
Wallace*, 192 N.C. 156, 134 S.E. 401 (1926) (when contracts have
been made and rights acquired in reliance on a prior decision, the
contracts will not be invalidated nor vested rights impaired by a
subsequent decision).

There are several compelling reasons to limit the application
of *Whitley* solely to injuries occurring after 29 August 1986, the
date the opinion was filed. First, if the North Carolina legislature
had amended the act in a similar fashion, the amendments would
not have applied to injuries occurring before the effective date of

the amendments. *See, e.g., Wood v. Stevens & Co.*, 297 N.C. 636, 256 S.E. 2d 692. This Court's "judicial amendment" should not be applied more broadly than would a legislative amendment. Second, there exists a need for stability in law, particularly in the construction of statutes. *Powers v. Powers*, 239 S.C. 423, 427, 123 S.E. 2d 646, 647 (1962) (it is manifestly in the public interest that the law remain permanently settled, especially in the construction of statutes, "for if any change in the statutory law is desired, the General Assembly may readily accomplish it"). Prior to this Court's decision in *Whitley*, numerous court decisions emphasized that when all of a claimant's injuries are included in the schedule found in N.C.G.S. § 97-31, recovery is exclusively under that section. Employers, insurers, and self-insurers, as well as their attorneys, have relied on this statutory construction in setting premiums, in establishing reserve funds for claims, and in advising clients regarding liability and settlement options. This reliance was justified based on holdings of this Court concerning the application of the doctrine of *stare decisis* to decisions of statutory construction. *See, e.g., Lowery v. Haithcock*, 239 N.C. 67, 79 S.E. 2d 204 (1953) (even though former decisions of the Court may have liberalized the mechanic's lien statute beyond its original intent, the Supreme Court must apply the statute as previously construed by the Supreme Court). *See also Rabon v. Hospital*, 269 N.C. 1, 20, 152 S.E. 2d 485, 498 ("This Court has never overruled its decisions lightly. No Court has been more faithful to *stare decisis*."). Given the reliance placed on prior decisions of this Court, employers, insurers, and self-insurers should be provided with an opportunity to protect themselves against the expanded liability imposed by *Whitley*. Accordingly, this Court should hold that *Whitley* will not be applied to injuries occurring before the opinion was filed. *See, e.g., Rabon v. Hospital*, 269 N.C. 1, 21, 152 S.E. 2d 485, 499 ("Recognizing, however, that hospitals have relied upon the old rule of immunity and that they may not have adequately protected themselves with liability insurance . . . [t]he rule of liability herein announced applies only to this case and to those cases arising after January 20, 1967, the filing date of this opinion.").

This dissent should not be interpreted as reflecting a belief on my part that a claimant should not be entitled to select a remedy as between the schedule in N.C.G.S. § 97-31 and the

coverage provided in N.C.G.S. § 97-30. I believe that a claimant should have that election. That decision, however, rests with the legislature and not with this Court. As I read the law as enacted by our legislature, this claimant's injuries are all included in the schedule set out in N.C.G.S. § 97-31. Consequently, under the law in effect at the time of the injury, his entitlement to compensation is exclusively under that section. The Industrial Commission has no authority to award benefits which are not otherwise recoverable under the Act, and the Court of Appeals could not uphold such an award, if made.

As stated by the Court of Appeals in *Little v. Penn Ventilator Co.*, 75 N.C. App. 92, 330 S.E. 2d 276 (1985), *aff'd in part*, 317 N.C. 206, 345 S.E. 2d 204 (1986):

> We agree that this result is harsh on plaintiff; he has undoubtedly suffered a serious injury which, while not presently disabling, could manifest itself later in the form of partial or total blindness. . . . However, we note again that plaintiff's right to recovery of any medical expenses is entirely statutory and that any change in the law is a legislative responsibility. While we are empowered to declare and enforce plaintiff's rights under the law, we may not enlarge them, no matter how compelling the facts may be.

*Little v. Penn Ventilator Co.*, 75 N.C. App. at 98, 330 S.E. 2d at 280. It is unfortunate that the plaintiff sustained an eye injury which prevents him from continuing his job as a truck driver. However, the employer is only liable for those benefits recoverable under the Workers' Compensation Act at the time of the injury, and the benefits cannot be enlarged by this Court no matter how compelling the facts may be. The Court of Appeals decision properly affirmed the opinion and award of the Industrial Commission. Accordingly, I vote to affirm the Court of Appeals.

Justice WEBB dissenting.

I dissent. It is hard to imagine a case in which the plain words of a statute are more easily interpreted than in this case. N.C.G.S. § 97-31 says in part:

> In cases included by the following schedule the compensation in each shall be paid for disability during the healing

period and in addition the disability shall be deemed to continue for the period specified, and shall be in lieu of all other
compensation, including disfigurement. . . .

. . . .

(16) For the loss of an eye, sixty six and two-thirds percent (66-2/3%) of the average weekly wages during 120
weeks.

. . . .

(19) . . . The compensation . . . for partial loss of vision
of an eye . . . shall be such proportion of the periods of payment above provided for total loss as such partial loss bears
to total loss. . . .

In reading a statute if the plain meaning is clear and unambiguous, we should not look to any other source for interpretation. 73 Am. Jur. 2d *Statutes* § 194 (1974). I do not see how the
meaning of the above statute could be any plainer. It says compensation for loss of vision shall be under N.C.G.S. § 97-31 and
this "shall be in lieu of all other compensation." It is difficult to
expound on these words in an effort to make them more clear.
They speak for themselves. If any definition of "in lieu of" is
needed, Webster's 3d New International Dictionary defines it as
"in place of," or "instead of." I can only conclude that the compensation provided by N.C.G.S. § 97-31 was intended by the General
Assembly to be the exclusive compensation for the injuries covered by the section. For us to contort the definition of these
words so that they do not have their plain meaning is to usurp
the function of the General Assembly.

I believe the majority has also violated another canon of construction. If a legislature acquiesces in the construction of a
statute by a court we should be able to assume that the court has
properly interpreted the intention of the legislature because the
legislature could otherwise overrule the court's interpretation. 73
Am. Jur. 2d *Statutes* § 169 (1974). In *Perry v. Furniture Co.*, 296
N.C. 88, 249 S.E. 2d 397 (1978), this Court held that recovery
under N.C.G.S. § 97-31 precluded recovery under any other section. The General Assembly has not amended N.C.G.S. § 97-31
since that time. This should settle the issue.

The majority has relied on *Whitley v. Columbia Lumber Mfg. Co.*, 318 N.C. 89, 348 S.E. 2d 336 (1986) and *Hall v. Chevrolet Co.*, 263 N.C. 569, 139 S.E. 2d 857 (1965). I agree that *Whitley* is authority for the majority's position. I would not be wrong in this case, however, because we were wrong in *Whitley. Whitley* is as good an example of legislation by the judiciary as is this case. I would overrule *Whitley. Hall* is not authority for the majority's position. In that case there was evidence of injury in addition to the injury covered by N.C.G.S. § 97-31. This has always been compensable under the Act. *See Perry*, 296 N.C. 88, 249 S.E. 2d 397.

I vote to affirm the Court of Appeals.