Upon review of all of the competent evidence of record with reference to the errors assigned, and finding good ground to reconsider the evidence, the Full Commission MODIFIES and AFFIRMS the Opinion and Award of the Deputy Commissioner and makes the following FINDINGS OF FACT
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. On September 16, 1991, the parties were subject to and bound by the Workers' Compensation Act.
2. On said date the employer-employee relationship existed between the parties.
3. CNA Insurance was the carrier on the risk.
4. That an incident occurred on September 16, 1991 in the course and scope of plaintiff's employment with defendant-employer.
5. On said date the plaintiff was earning an average weekly wage of $525.00, with a corresponding compensation rate of $350.00.
6. That the issues to be determined in this case are:
a. Did the plaintiff sustain an injury by accident arising out of and in the course of his employment with defendant-employer on September 16, 1991; and,
b. If so, has the plaintiff sustained any disability as the result of said incident occurring on September 16, 1991; and,
c. If so, are the injuries of which the plaintiff complains caused by the said accident; and,
d. If so, to what compensation is plaintiff entitled under the Act.
* * * * * * * * * * *
The full commission makes the following additional
FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, the plaintiff was twenty-two years of age, was six feet, four inches in height, and weighed two-hundred and thirty pounds. Plaintiff's medical history included a football injury to his left knee in 1986 with treatment and surgery continuing through 1987. On December 29, 1987 plaintiff underwent a reconstruction of his left knee to repair torn lateral and medial meniscus. Plaintiff has since worked in the construction trades for defendant-employer as well as other employers until the time of the injury.
2. Plaintiff was hired by defendant-employer in early September 1991. Plaintiff was employed as a iron worker on a job for Kimberly-Clark Company in Hendersonville, N.C. Plaintiff was required to beam wash for defendant-employer. This consisted of removing and clearing debris from beams and columns with a blow torch. Plaintiff did not disclose that he had had a prior football injury to his knee. He had been previously employed with defendant on another project, and had passed a "military physical" to obtain a job with another firm. The old knee injury did not prevent him from performing the work he was hired to do.
3. On September 16, 1991, as plaintiff was performing his job duties, he stepped through a hole in the floor, of which he was unaware, that was covered only by a fire blanket. Plaintiff's left leg went through the hole to the hip, leaving a visible scrape from "mid-knee" up his leg, and causing great pain from his foot to his knee. Plaintiff's preexisting condition did not cause plaintiff to be more likely to have this accident. The accident was not causally related to plaintiff's preexisting knee condition.
4. Plaintiff was taken to the emergency room by employer-defendant. Plaintiff was referred to an orthopedic surgeon on September 20, 1991, under whose care he continued until approximately April 2, 1993. The September 16, 1991 accident caused an injury to his lateral meniscus that was causally unrelated to his prior injuries, and stretched his previously injured cruciate ligament. However, the evidence fails to show that the severity of the injury or degree of disability were greater by reason of the preexisting condition.
5. Plaintiff was released for light duty on September 18, 1991. He returned to work on the Kimberly-Clark site in the light work position in the tool room, and at times operated a fork lift for defendant-employer.
6. On September 27 or 28, 1991, plaintiff was returned to washing beams which involved climbing a ladder and use of a torch — while his knee was still stiff. An altercation between his supervisor and plaintiff erupted when, after a near-accident with falling metal, his supervisor insisted he continue without help. Plaintiff was asked to vacate the job site.
7. The Kimberly-Clark Company banned plaintiff from working on their site as a result of plaintiff's altercation with his supervisor, and plaintiff lost the opportunity to work for the defendant during the remainder of the project, which ended at the end of October, as a result of this incident.
8. On September 29, 1991, plaintiff returned to the job site and asked for his job back. Plaintiff was refused because of the edict by Kimberly-Clark company.
9. Plaintiff retained some capacity to earn wages, but as a result of the injury, was unable to earn the wages in the same or any other employment that he earned prior to the injury. Plaintiff has worked two or three brief light duty jobs since the injury, and was collecting unemployment insurance at the time of the hearing before the Deputy Commissioner. However, there is insufficient evidence to determine the extent that plaintiff's earning capacity has been diminished by the September 16, 1991 injury, or the offset for unemployment benefit against the temporary partial disability benefits consequently due.
10. Subsequent to September 29, 1991, the plaintiff continued to be medically treated for his left knee condition, including an arthroscopic procedure on said left knee on July 15, 1992.
11. On September 16, 1991, plaintiff sustained an injury by accident arising out of and in the course of the employment with defendant-employer.
12. Plaintiff reached maximum medical improvement on April 2, 1993 when his knee or leg was medically rated. Plaintiff sustained a 15% permanent partial impairment of his left knee as a result of the accident on September 16, 1991, in addition to his preexisting impairment. Plaintiff would benefit from a knee brace, which would give him relief from effects of the compensable injury.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. On September 16, 1991, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C.G.S. § 97-2(6).
2. Plaintiff suffered an additional 15% permanent partial disability of his left knee as a result of said accident. Plaintiff is entitled, at his election, to benefits based either on said permanent partial disability, or to temporary partial disability from the end of October 1991 through April 30, 1993, and continuing until his is capable of earning his former wages, but not to exceed 300 weeks from the date of the injury, and subject to credit for unemployment benefits received during such period. N.C.G.S. §§ 97-30; 97-31(15); 97-42.1; Gupton v.Builders Transport, 320 N.C. 38, 42, 357 S.E.2d 674 (1987).
3. Plaintiff is entitled to payment of all medical compensation expenses incurred as a result of his compensable injury on September 16, 1991, for so long as such may reasonably be required to effect a cure, give relief, or lessen the period of disability. N.C.G.S. §§ 97-2(19), 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. Defendants shall pay all medical charges reasonably incurred as a result of plaintiff's compensable injury of September 16, 1991, including the brace recommended by his physician and appropriate vocational assistance, for so long as such may reasonably be required to effect a cure, give relief, or lessen the period of disability, when bills for same shall have been submitted to and approved by the Industrial Commission.
2. This case is REMANDED to the hearing Deputy Commissioner to determine the diminution in plaintiff's wage earning capacity due to his injury by accident, the appropriate compensation rate per N.C.G.S. § 97-30, and to enter a final award consonant with plaintiff's election of benefits.
3. Plaintiff shall provide the Deputy Commissioner and defendants with copies of records of wages earned and unemployment benefits received since the accident, or waivers allowing defendants to obtain these, within sixty days of this order.
4. Defendants shall bear the costs.
 S/ __________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ __________________ J. HOWARD BUNN CHAIRMAN
S/ __________________ LAURA MAVERETIC DEPUTY COMMISSIONER
JRW/rch