The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Pamela T. Young and the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the holding of the Deputy Commissioners Opinion and Award. Accordingly, the Full Commission affirms and adopts the Deputy Commissioners decision and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing on 9 November 1999 and subsequent thereto as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer at all relevant times herein.
3. Travelers Insurance Company was the carrier on the risk at all times relevant herein.
4. The parties stipulated that on or about 3 October 1996, plaintiff sustained an injury by accident arising out of the course of plaintiffs employment with defendant-employer. An Industrial Commission Form 60 was signed and submitted on 26 October 1996.
5. The parties stipulated that plaintiffs average weekly wage was $702.39, yielding a compensation rate of $468.26.
6. The parties stipulated to Industrial Commission Forms 18, 19, 22, 25R, 33, 33R, 60 and 62.
7. The parties stipulated to the plaintiffs medical records from Charlotte Radiology, Mercy South Hospital, Catawba Rehabilitation Services, Inc., RxS Medical and Miller Orthopedic Clinic, Inc.
8. Following the hearing before the Deputy Commissioner, the record was held open until defendants provided plaintiffs counsel with a copy of all of the plaintiffs paycheck stubs from 8 March 1997 to 28 September 1997.
9. The issues presented are:
 a) Whether plaintiffs reduced earnings following her work injury were due to plaintiffs injuries related to her admittedly compensable injury by accident or due to defendant-employers "economic downturn?
 b) Whether plaintiff is entitled to elect to receive any permanent partial benefits pursuant to G.S. 97-30?
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner on 9 November 1999, plaintiff was a 45 year old high school graduate, who had performed several jobs for defendant-employer during her 13 years of employment.
2. On 3 October 1996, plaintiff sustained an admittedly compensable injury by accident while working for defendant-employer.
3. Immediately prior to plaintiffs admittedly compensable injury by accident, plaintiff worked as a floater for defendant-employer and earned $10.50 per hour for 40 hours and $15.75 per hour of overtime over 40 hours. Plaintiff averaged working 17.93 hours per week of overtime.
4. Plaintiff sought medical treatment for her injured back and leg and was given a lifting restriction, which kept her from continuing her work as a floater. Plaintiff was subsequently assigned to work in defendant-employers Quality Control Department to accommodate her restrictions.
5. From January 1998 until September 1999 in her job in the Quality Control Department, plaintiff worked 257.5 hours of overtime for a weekly average of only 13.23 hours of overtime.
6. On 6 March 1998, plaintiff reached maximum medical improvement and completed her post-injury healing period. Plaintiff was released from her medical treatment with a lifting restriction of 25 pounds with limited bending, stooping and squatting.
7. As a result of plaintiffs restrictions, she could not return to work in her former job with defendant-employer as a floater. However, plaintiff could return to work with defendant-employers Quality Control Department but this position afforded plaintiff fewer opportunities to work overtime. Consequently, plaintiffs earning capacity decreased.
8. The evidence of record establishes that plaintiffs decrease in earnings following her injury by accident was due to her having to work in defendant-employers Quality Control Department as the result of her restrictions, which afforded her fewer opportunities to work overtime and thus decreased her earning capacity.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a decrease in earning capacity due to her admittedly compensable injury by accident. G.S. 97-30; G.S. 97-31.
2. A claimant who is entitled to benefits under either G.S. 97-30
or G.S. 97-31 may select the more beneficial remedy. Gupton v.Builders Transport, 320 N.C. 38, 357 S.E.2d 674, (1987). Plaintiff may to elect to receive from defendants a weekly compensation equal to sixty-six and two-thirds percent of the difference between her average weekly wages before the injury and the average weekly wages which she has been and is able to earn thereafter until 300 weeks from the date of the injury. G.S. 97-30
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Subject to attorneys fees hereinafter provided, defendants shall pay to plaintiff weekly compensation pursuant to G.S. 97-30 in an amount equal to sixty-six and two-thirds percent of the difference between her average weekly wages at the time of her injury and the average weekly wages which she has been and is able to earn thereafter until 300 weeks from the date of the injury. Counsel for both parties shall confer and determine said amount. The amount that has accrued shall be payable to plaintiff in a lump sum amount.
2. Defendants shall pay all medical expenses incurred by the plaintiff as a result of her injury by accident.
3. A reasonable attorneys fee of twenty-five percent (25%) of the foregoing award is hereby approved for plaintiffs counsel. Of the portion of the award which has accrued, said fee shall be deducted from that portion of the award and paid directly to plaintiffs counsel. Of the future portion of the Award, defendant shall pay plaintiffs counsel every fourth check.
4. Defendants shall pay the costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_______________ DIANNE C. SELLERS COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER