The treating physician's deposition supports the denial of the N.C.G.S. § 97-47 remedy. However, "a claimant who is entitled to benefits under either N.C.G.S. § 97-31 or N.C.G.S. § 97-30, may select the more munificent remedy." Gupton v. Builders Transport,320 N.C. 38, 41, 357 S.E.2d 674 (1987). The hearing Deputy may have entered the permanent partial disability award, despite plaintiff's contrary election, believing that this was the "more munificent remedy" due to the Doctors opinion that she could resume some employment, but in light of subsequent evidence of an active and reasonable, but unsuccessful, job search following the impairment rating, and the plaintiff's election, plaintiff should be allowed temporary partial disability benefits. Hall v.Thompson Chevrolet, Inc., 263 N.C. 569, 575-576, 139 S.E.2d 857
(1965); Hogan v. Cone Mills Corp., 315 N.C. 127, 137,337 S.E.2d 477 (1985).
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives, except to MODIFY the award as noted herein above, the Full Commission enters the following Opinion and Award.
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. Defendants paid the (temporary total and permanent partial disability) compensation awarded in the Opinion and Award (of February 12, 1992) and, in addition, paid compensation to plaintiff from January 4, 1991 through March 27, 1992.
2. Defendants provided vocational assistance to plaintiff from December of 1991 to March 1992.
FINDINGS OF FACT
1. Plaintiff has previously been determined to have developed carpal tunnel syndrome, a compensable occupational disease, which caused her to be temporarily totally disabled for periods after September 21, 1990, at which time she was earning an average weekly wage of $390.00. Defendants admitted liability for the condition of her right hand pursuant to a Form 21 agreement, which has now been approved, and they paid compensation to her for temporary total disability at her compensation rate of $260.00 per week beginning January 4, 1991. The parties left open for hearing the issue of temporary total disability before January 4, 1991 and that issue was determined in plaintiff's favor in the Opinion and Award filed February 12, 1992. A ruling was also made regarding permanent partial disability.
2. Dr. de Perczel treated plaintiff for her condition. He performed surgery to her right wrist on January 10, 1991. The symptoms of numbness improved following the operation, but she continued to experience arm pain which the doctor attributed to extreme inflammation of the median nerve which he observed during surgery.
3. Plaintiff reached maximum medical improvement with respect to her occupational disease by September 11, 1991. She remained unable to work in her former capacity from January 4, 1991 through September 11, 1991 when Dr. de Perczel released her from regular medical care. Defendants paid compensation to her throughout that period and continued temporary total disability payments until March 27, 1992.
4. Due to her persistent symptoms, plaintiff could not return to work in any capacity requiring repetitive hand movements. Defendants provided vocational placement assistance for her to help her in efforts to find alternative employment, and she diligently looked for suitable work. However, the only job offers she received were for positions which involved repetitive use of her hands, and, since they did not comply with her restrictions, she could not accept them.
5. In April 1992 plaintiff began working on a part-time basis as a baby sitter. She earned approximately $100.00 per month up until the date of hearing.
6. Prior to the original decision in this case, plaintiff through counsel informed the Commission that she was electing to receive compensation for permanent partial disability under G.S. § 97-30 for actual wage loss. In the Opinion and Award, however, she was awarded compensation under G.S. § 97-31 for 15% permanent partial disability to her right hand as rated by Dr. de Perczel. She initially appealed the decision to the Full Commission but subsequently withdrew her appeal so that she could pursue a claim for change of condition.
7. Plaintiff returned to Dr. de Perczel on June 25, 1992 with complaints of right shoulder and arm pain. He diagnosed her condition as median neuritis, which was related to the nerve inflammation associated with her carpal tunnel syndrome, and chronic myofasciiatis of the neck and shoulder. He also saw her on November 5, 1992 for those problems and prescribed further medication and exercises. He expected her to require additional treatment for her persistent symptoms.
8. Although plaintiff has required further medical care for problems associated with her occupational disease, she has not proven that she has sustained a material change for the worse in her condition.
9. As of March 28, 1992, plaintiff's ability to earn wages as compared to her pre-injury average weekly wage, was diminished by $366.74, rendering a compensation rate of $244.50 pursuant to N.C.G.S. § 97-30.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. Plaintiff is entitled to temporary total partial disability benefits less § 97-31 benefits paid pursuant to the Award of February 12, 1992. N.C.G.S. § 97-30.
2. Plaintiff has not sustained a material change for the worse in the condition arising from her compensable occupational disease and is therefore not entitled to further temporary total compensation. N.C.G.S. § 97-47.
3. Plaintiff is entitled to have defendants provide all medical treatment arising from this occupational disease. N.C.G.S. § 97-59.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendants shall pay plaintiff $244.50 per week for the period beginning March 28, 1992 through November 19, 1992 and until plaintiff regains greater wage earning capacity, but not to exceed 300 weeks from September 21, 1990, and pay the accrued portion in lump sum, less $7,800 heretofore paid in respect to that part of the prior AWARD entered pursuant to § 97-31(12), which is hereby SET ASIDE, subject to the attorney fee hereinafter approved.
2. A reasonable attorney fee of twenty-five percent of the additional compensation herein awarded is approved for the valuable services of plaintiff's counsel, Mr. Duncan, and defendants shall pay 25% of the net accrued sum and each fourth future payment of compensation directly to him.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of her occupational disease when bills for the same have been submitted, through the defendants, to the Industrial Commission and approved by the Commission.
4. Defendants shall pay the costs.
5. The motion of Mr. Duncan to withdraw as counsel for the plaintiff is GRANTED.
 S/ ______________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _______________________ FORREST H. SHUFORD, II DEPUTY COMMISSIONER
S/ _______________________ COY M. VANCE DEPUTY COMMISSIONER
JRW/rch