The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie L. Dollar. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. The defendant is a duly qualified self-insured, with Consolidated Administrators, Inc., as the servicing agent.
3. The employment relationship existed between the parties at the relevant time.
4. The plaintiff's average weekly wage was $392.63, which yields a weekly compensation rate of $261.76, pursuant to the I.C. Form 22 submitted by the parties.
5. The issues for determination are:
 a. Did the plaintiff sustained an injury by accident on November 1, 1992?
 b. If plaintiff sustained a compensable injury, to what benefits is he entitled under the Act?
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a thirty-two year old married male who had attended one year of college.
2. On September 15, 1995, the plaintiff was employed by defendant as a commercial service worker. Duties included lifting tires weighing up to 1,800 pounds with assistance of a boom. The plaintiff drove a service truck out to make a service call to repair a skidder tire. While on the call, the air lines to plaintiff's truck were damaged. The plaintiff attempted to return to his employer in order to have his truck repaired.
3. As the plaintiff approached a stop sign, the truck's brakes failed; and the plaintiff went into the intersection where his truck was struck on the left door. The truck crossed the road, went into a dirt embankment, and hit into a peanut field. After the truck accident, the plaintiff returned to complete the skidder job.
4. Mr. Turlington, the store manager, told the plaintiff to go to the doctor if he needed after plaintiff advised him of the accident.
5. After work, plaintiff's wife massaged and walked on his back, during which he felt a pop.
6. On September 16, 1992, the plaintiff sought medical treatment at Martin General Hospital emergency room, where he complained of pain between his shoulder blades, ribs and sternum. The plaintiff was diagnosed as having a musculoskeletal (chest wall) strain. X-rays were normal. The plaintiff stayed out of work for two days, and thereafter, returned to his regular job. The plaintiff did not complain of low back pain.
7. The plaintiff continued to work with back pain about which his supervisor and shop foreman joked with him. However, the plaintiff did not request to go to the doctor.
8. The plaintiff voluntarily left his job with defendant in June of 1993 and began working at Williamston Yarn Mill where he earned $300.00 per week. The plaintiff worked there for three weeks.
9. The plaintiff next worked at Franklin Bakery, as a route man, where he earned $350.00 per week for about six months.
10. The plaintiff sought chiropractic treatment from Benjamin Tucker, D.C. in May of 1994.
11. In January of 1994, the plaintiff returned to defendant-employer, where he continued to work until October 14, 1994. Also during that time, the plaintiff completed Basic Law Enforcement Training in Beaufort from January through July 22, 1994.
12. The plaintiff sought treatment from neurosurgeon Dr. Stuart Lee but did not describe the story of the truck accident. On June 8, 1994, an MRI and myelogram revealed normal cervical spine and slight bulges at L3-4 and L4-5. Dr. Lee opined that the plaintiff was not disabled at any time. The plaintiff related a history of pain and burning between the shoulder blades and in lower back for three to four months.
13. Since February of 1995, the plaintiff received unemployment compensation at the rate of $193.00 per week, and during that time has sought law enforcement jobs.
14. Chiropractor Tucker opined that it was not possible that plaintiff's symptoms would fail to show up for one and one-half years and that the action of plaintiff's wife could have significantly aggravated his back when she walked on his back.
15. Dr. Ross Shuping, a neurologist, treated plaintiff, and myelogram and CT scans were reported as normal. While Dr. Shuping opined that plaintiff's upper back pain might be related to the 1992 truck accident, he did not express an opinion regarding the low back symptoms.
16. Dr. Shuping opined that plaintiff was at maximum medical improvement and retained a five percent permanent partial impairment rating to his cervical spine and placed restrictions of no excessive lifting, never more than fifty pounds or less than twenty-five pounds.
17. The defendant paid for plaintiff's initial medical treatment bills.
18. The defendant-employer's store manager prepared an injury report and forwarded all information to Consolidated Administrators for a decision on whether to accept or deny the claim.
19. The defendant's servicing agent failed to file a Form 19, Employer's Report of Injury, with the Industrial Commission.
20. The defendant's servicing agent failed to accept or deny plaintiff's claim.
21. Chiropractic treatment was not paid for by the defendant.
22. No doctor has found the plaintiff to be disabled from work due to the injuries he sustained on September 15, 1992.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on September 15, 1992. N.C. GEN. STAT. § 97-2 (6).
2. As a result of the compensable injury, the plaintiff was disabled from work for two days. Therefore, he is not entitled to temporary total disability benefits. N.C. GEN. STAT. § 97-28.
3. As a result of the compensable injury, the plaintiff is entitled to elect either permanent partial disability compensation under N.C. GEN. STAT. § 97-31 or temporary partial disability compensation under N.C. GEN. STAT. § 97-30.Gupton v. Builders Transport, 320 N.C. 38,357 S.E.2d 674 (1987).
4. The plaintiff is entitled to have defendant pay for medical expenses incurred as a result of the compensable injury, including that of the Martin Hospital, Chiropractor Tucker, Dr. Lee, and Dr. Shuping. N.C. GEN. STAT. § 97-2 (19) -25.
5. This case was defended without reasonable grounds by the defendant. N.C. GEN. STAT. § 97-88.1.
* * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. As the more favorable remedy, defendant shall pay temporary partial disability at the rate of two-thirds of the difference between the pre- and post-injury wage, for a period of three hundred weeks, pursuant to N.C. GEN. STAT. § 97-30.
2. A reasonable attorney's fee of $1,000.00 shall be paid directly to plaintiff's by defendant's servicing agent due to its failure to timely report plaintiff's injury to the Commission and to accept or deny the claim, and for its unreasonable defense of the claim.
3. Defendant shall pay medical expenses incurred as a result of the compensable accident.
4. The defendant shall pay the costs.
IT IS FURTHER ORDERED
1. Defendant' servicing agent shall pay a penalty of $25.00 for its failure to file a Form 19, pursuant to N.C. GEN. STAT. §97-92 (a) and (e).
2. Defendant's servicing agent shall pay a penalty of $25.00 for its failure to accept or deny plaintiff's claim, as required under Commission Rule 601.
 S/ ____________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ____________ THOMAS J. BOLCH COMMISSIONER
S/ ____________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/rst
4/14/97