Among other things, the North Carolina Court of Appeals ordered:
 "We therefore reverse their opinion and award, and remand this case for entry of an opinion and award upholding the opinion and award of Deputy Commissioner Hedrick filed 15 January 1997.
Accordingly, the Full Commission by Order of the North Carolina Court of Appeals, issues the following Opinion and Award.
 ***********
The Deputy Commissioner found as fact the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. A set of Industrial Commission forms and a set of plaintiffs medical records, collectively marked as Stipulated Exhibit Number One, are admitted into evidence.
2. The medical report from Thomas N. Taft, M.D. and a Medical Examination Report and Medical History Statement from the Criminal Justice Education and Training Standards Commission, are admitted into evidence.
3. Since plaintiffs retirement, defendant has voluntarily continued to pay plaintiff at the rate of $209.46 per week, although plaintiff has done no further work for defendant.
4. At the time of his injury, plaintiffs average weekly wage was $547.81, yielding a compensation rate of $365.22.
 ***********
The Deputy Commissioner found facts as follows:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was thirty-two years old, married and the father of four children. He had graduated from high school and taken courses in English, criminal justice and political science at two community colleges. Plaintiff had served in the United States Air Force for four years beginning in 1983. After his military service, plaintiff worked in the construction industry and as a route driver for a beverage bottling company. In 1990, plaintiff began his employment as a police officer for the City of Raleigh.
2. Plaintiff worked for defendant as a patrol officer. On 12 April 1994, plaintiff was chasing a criminal suspect when he leaped down a set of four stairs. When plaintiff landed on the ground, his legs collapsed beneath him. As a result of this incident, plaintiff sustained tears of his left anterior cruciate ligament and medial meniscus. Plaintiff underwent surgery for repair of these conditions in July and November 1994, respectively.
3. Following his surgery in July 1994, plaintiff returned to work for defendant on 29 August 1994, earning wages equal to or greater than the wages he earned prior to 12 April 1994. Following his surgery in November 1994, plaintiff first returned to work for defendant on 25 May 1995. When he returned to work, plaintiff was restricted to light duty. Defendant assigned plaintiff to work at its Jamaica Drive Substation, part of defendants community policing program. While working at the Jamaica Drive Substation, plaintiff answered the telephone, giving information and taking messages. During this time, plaintiff was participating in physical therapy two hours per day, three days per week.
4. On 1 September 1995, plaintiff accepted disability retirement from defendant. Defendant allowed plaintiff to take disability retirement because he was unable to perform the full duties of a police officer.
5. At the time of the hearing, plaintiff had not worked for any employer since retiring from his employment with defendant. He was interested in a career as a building contractor. In an effort to learn that trade, plaintiff was spending time with his father, who was a building contractor, observing his fathers work and performing "odd and ends.
6. At the time of the hearing, defendant continued to pay plaintiff temporary partial disability compensation in the same amount as he had received while working on light duty at the Jamaica Drive Substation.
7. In 1983, plaintiff sustained a left anterior cruciate ligament tear for which he underwent arthroscopic surgery. Plaintiff again injured his left knee while serving in the Air Force in 1986. This injury was treated with a arthroscopic medial meniscectomy.
8. Plaintiff reached maximum medical improvement on 1 January 1996. Dr. Andrew rated plaintiff as having sustained a ten percent permanent impairment of his left leg as a result of his injury on 12 April 1994. Dr. Taft rated plaintiff as having sustained a twenty-five percent impairment of his left leg as a result of his injury on 12 April 1994.
9. Plaintiff sustained a fifteen percent permanent impairment of his left leg as a result of the incident on 12 April 1994.
 ***********
The foregoing findings of fact and conclusions of law engender the following additional
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to elect to receive compensation under N.C. Gen. Stat. 97-30 or N.C. Gen. Stat. 97-31(15), whichever of the two remedies is the most generous. Gupton v. BuildersTransportation, 320 N.C. 39, 357 S.E.2d 674 (1987).
2. Under N.C. Gen. Stat. 97-31(15), plaintiff is entitled to receive permanent partial disability compensation at the rate of $365.22 per week for thirty weeks from 1 January 1996, less a credit due to defendant for temporary partial disability compensation paid to plaintiff since 1 January 1996.
Under N.C. Gen. Stat. 97-30, plaintiff is entitled to continue receiving temporary partial disability for compensation at the rate of $209.46 per week for a maximum of three hundred weeks from 12 April 1994, less the number of weeks during which plaintiff received temporary total disability compensation. Brown v. PublicWorks. Commission, 122 N.C. App. 473, ___ S.E.2d ___ (1996).
3. Receipt of compensation under N.C. Gen. Stat. 97-30 is the remedy most generous to plaintiff. Gupton v. BuildersTransportation, 320 N.C. 39, 357 S.E.2d 674 (1987).
4. Plaintiff is entitled to payment of all medical expenses incurred as a result of his injury on 12 April 1994 for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen his period of disability. N.C. Gen. Stat. 972(19); N.C. Gen. Stat. 97-25.
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
 AWARD
1. Defendant shall continue to pay temporary partial disability for compensation at the rate of $209.46 per week for a maximum of three hundred weeks from 12 April 1994, less the number of weeks during which plaintiff received temporary total disability compensation.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of his injury on 12 April 1994, for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen his period of disability.
3. Defendant shall pay the costs.
This 7th day of August 2000.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER