MARY ALENE STRICKLAND, EMPLOYEE, PLAINTIFF v. BURLINGTON IN-DUSTRIES, INC., EMPLOYER, AND LIBERTY MUTUAL INSURANCE CO., CARRIER, DEFENDANTS

No. 8610IC1273

(Filed 3 November 1987)

Master and Servant § 69— workers' compensation—permanent disability to lungs —no findings on wage earning capacity

The Industrial Commission erred in a workers' compensation proceeding in which plaintiff was found to have suffered a permanent disability to her lungs by failing to consider or make findings of fact as to whether plaintiff's disability affected her wage earning capacity under either N.C.G.S. § 97-29 or N.C.G.S. § 97-30.

THIS action was originally heard in the North Carolina Court of Appeals on 8 June 1987, *Strickland v. Burlington Industries, Inc.*, 86 N.C. App. 598, 359 S.E. 2d 19 (1987), and on 21 September 1987 plaintiff petitioned for a rehearing. The petition for rehearing was allowed with review limited to that portion of the original opinion, filed on 18 August 1987 and certified on 7 September 1987, in which this Court held that the Industrial Commission need not consider and make findings of fact as to the effect of plaintiff's permanent disability on her wage earning capacity when determining its award. That portion of the original opinion is hereby superseded by this opinion.

*Lore & McClearen, by R. Edwin McClearen, attorney for plaintiff-appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by C. Ernest Simons and Steven M. Sartorio, attorneys for defendant-appellees.*

ORR, Judge.

Plaintiff contends that since the Industrial Commission made a finding of permanent disability, it should have also made findings regarding her loss of wage earning capacity under N.C.G.S. §§ 97-29 or 97-30 and then made an award. Often an award under N.C.G.S. § 97-29, and by implication N.C.G.S. § 97-30, better fulfills the policy of the Workers' Compensation Act than an award under N.C.G.S. § 97-31(24), because it is a more favorable remedy and is more directly related to compensating a worker's inability to work. *West v. Bladenboro Cotton Mills*, 62 N.C. App. 267, 302 S.E. 2d 645 (1983).

In the present case, after finding that plaintiff had suffered a permanent disability to her lungs, the Industrial Commission compensated her under N.C.G.S. § 97-31. In making this award the Industrial Commission failed to consider or make findings of fact as to whether plaintiff's disability affected her wage earning capacity under either N.C.G.S. § 97-29, total incapacity, or N.C.G.S. § 97-30, partial incapacity. This was in error.

Our Supreme Court has now held in *Gupton v. Builders Transport*, 320 N.C. 38, 357 S.E. 2d 674 (1987), that where a disability affects wage earning capacity a worker may elect between the fixed compensation under the scheduled injury provisions of N.C.G.S. § 97-31 or in the alternative for actual wage loss compensation (total or partial) under N.C.G.S. § 97-29 or N.C.G.S. § 97-30.

The Industrial Commission's failure to make any findings on the question of plaintiff's loss of wage earning capacity prevented her from electing to recover under N.C.G.S. §§ 97-29 or 97-30, if she was so entitled. Therefore, we remand to the Industrial Commission for additional findings on the issue of wage earning capacity.

Except as above modified, the prior decision rendered by this Court is hereby confirmed.

Affirmed.

Judges PHILLIPS and EAGLES concur.