PHILLIP SHAW, Employee, Plaintiff v. UNITED PARCEL SERVICE, Employer, and
LIBERTY MUTUAL INSURANCE COMPANY, Carrier, Defendants

No. 9310IC772

(Filed 18 October 1994)

### 1. Workers' Compensation § 285 (NCI4th)— past injury diminished earnings capacity established by plaintiff—no rebuttal from defendant—election of benefits required

Where plaintiff showed that he was unable to earn the same wages he had earned before the injury by evidence that he obtained other employment at a wage less than that he was earning at the time of his injury, and defendant employer failed to show that alternative jobs were available to plaintiff and that he was capable of obtaining one of those jobs, plaintiff was entitled to elect benefits under N.C.G.S. § 97-30 rather than benefits for permanent partial disability of his foot under N.C.G.S. § 97-31.

**Am Jur 2d, Workers' Compensation § 383.**

### 2. Workers' Compensation § 471 (NCI4th)— attorney's fees properly denied

Where the parties "brought, prosecuted, or defended" this matter with reasonable grounds, the Industrial Commission properly declined to award attorney's fees in this matter.

**Am Jur 2d, Workers' Compenation § 722.**

Judge ORR concurs in part and dissents in part.

Appeal by plaintiff from Opinion and Award entered 22 March 1993 by the North Carolina Industrial Commission. Heard in the Court of Appeals 22 August 1994.

*Gulley and Calhoun, by Wilbur P. Gulley, for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, by P. Collins Barwick, III, for defendants-appellees.*

JOHNSON, Judge.

This is the second time this matter has been before our Court. We summarize the prior proceedings and facts in part from our earlier

opinion, *Shaw v. UPS and Liberty Mutual Ins. Co.*, No. 9111OIC855 (N.C. App. filed 20 October 1992):

On 7 December 1987, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer. As a result of the 7 December 1987 accident, plaintiff sustained a chronic talofibular ligament sprain. On 1 September 1988, while performing his normal job duties, plaintiff re-twisted his right ankle and sustained an aggravation of the original 7 December 1987 injury. Plaintiff's average weekly wage on 1 September 1988 was $295.42, yielding a compensation rate of $196.96.

On 7 September 1988, plaintiff was terminated by defendant-employer for reasons having nothing to do with his ankle injury. As a result of the aggravation on 1 September 1988 of his prior compensable ankle injury of 7 December 1987, plaintiff was out of work and incapable of earning wages with defendant-employer or in any employment from 8 September 1988 through 4 October 1988. On 5 October 1988, plaintiff was capable of resuming his regular duties with defendant-employer; however, due to his termination on 7 September 1988, plaintiff did not return to work with defendant-employer.

*Id.* at 2-3. On 13 September 1988, plaintiff filed a claim under the North Carolina Workers' Compensation Act. On 14 June 1990, following a hearing on the claim, Deputy Commissioner Scott M. Taylor issued an Opinion and Award. Deputy Commissioner Taylor found that plaintiff had sustained an injury by accident arising out of and in the course of his employment with defendant-employer, and concluded:

4. As a result of his aggravating injury by accident on 1 September 1988, plaintiff is entitled to temporary total disability compensation at the rate of $196.96 per week, from 8 September 1988 through 4 October 1988. G.S. § 97-29; G.S. § 97-2(5).

5. As a result of his aggravating injury by accident on 1 September 1988, plaintiff has a 10% permanent partial disability of his right foot, for which he is entitled to compensation at the rate of $196.96 per week, for a period of 14.4 weeks. G.S. § 97-31(14).

The Deputy Commissioner awarded plaintiff benefits as to plaintiff's permanent partial disability of his right foot under North Carolina General Statutes § 97-31 (1991), although plaintiff sought an election

of remedies pursuant to North Carolina General Statutes § 97-30 (1991). The Deputy Commissioner also denied plaintiff's request for attorney's fees and costs pursuant to North Carolina General Statutes § 97-88.1 (1991). Plaintiff appealed to the Full Industrial Commission; the Commission affirmed the Deputy Commissioner's decision.

On appeal to our Court, plaintiff argued that the Commission committed reversible error when it did not allow plaintiff to elect to receive benefits under North Carolina General Statutes § 97-30, and that the Commission committed reversible error when it failed to award attorney's fees and costs to plaintiff under North Carolina General Statutes § 97-88.1. Our Court held:

> Plaintiff's evidence clearly tended to establish that since 28 October 1988 and continuing to the time of hearing, he had suffered a loss in post-injury wages and that based on his education, training, and experience plaintiff's earnings reflected his limited capacity to earn the same wages he earned at the time of his injury. Therefore, plaintiff was entitled to a determination of whether he suffered a reduction in his capacity to earn, thus qualifying to be compensated pursuant to N.C. Gen. Stat. § 97-30. Because the Commission failed to make findings as to the employee's diminished wage earning capacity, we remand this case to the Commission for additional findings on the issue of wage earning capacity and for an appropriate award based on those findings. *See Strickland v. Burlington Industries*, 87 N.C. App. 507, 361 S.E.2d 394 (1987). . . . On remand, the Commission may reconsider [the issue of attorney's fees and costs] in light of our disposition of the first issue.

*Shaw* at 4-5. On 22 March 1993, the Full Industrial Commission issued an Opinion and Award denying plaintiff an election of benefits under North Carolina General Statutes § 97-30. Plaintiff gave timely notice of appeal to our Court.

Plaintiff argues on appeal that the Commission committed reversible error by not allowing plaintiff to elect to receive benefits under North Carolina General Statutes § 97-30.

North Carolina General Statutes § 97-30 provides allowance for "where the incapacity for work resulting from [an] injury is partial[.]" North Carolina General Statutes § 97-31 sets out a specific schedule of injuries and the rate and period of compensation for those injuries. Our Supreme Court noted in *Gupton v. Builders Transport*, 320 N.C.

38, 42, 357 S.E.2d 674, 678 (1987) that "a claimant who is entitled to benefits under either N.C.G.S. § 97-31 or N.C.G.S. § 97-30 may select the more munificent remedy." The Court discussed North Carolina General Statutes § 97-30:

> When an employee suffers a "diminution of the power or capacity to earn," *Branham v. Panel Co.*, 223 N.C. 233, 237, 25 S.E.2d 865, 868 (1943), he or she is entitled to benefits under N.C.G.S. § 97-30. . . .

> Accordingly, "[w]here an employee can show that the physical injury from which he is suffering causes appreciable employment disability, the employee is allowed to recover under which provisions affords [*sic*] him greater compensation." *Patin v. Continental Cas. Co.*, 424 So.2d 1161, 1165 (La. App. 1982). . . .

> In order to secure an award under N.C.G.S. § 97-30, the plaintiff has the burden of showing "not only permanent partial disability, but also its degree." [*Hall v. Chevrolet Co.*, 263 N.C. 569, 575, 139 S.E.2d 857, 861 (1965).] "The compensation is to be computed upon the basis of the difference in the average weekly earnings before the injury and the average weekly wages *he is able to earn* thereafter." *Branham v. Panel Co.*, 223 N.C. at 236, 25 S.E.2d at 867.

*Gupton*, 320 N.C. at 42-43, 357 S.E.2d at 678 (emphasis retained).

In *Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993), our Court noted, as to impairment of an employee's earning capacity, that "[t]he burden is on the employee to show that he is unable to earn the same wages he had earned before the injury, either in the same employment or in other employment." We noted that the employee may meet this burden in one of four ways, one of which is "the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury." *Id.* After the claimant meets this initial burden, the burden shifts to the employer to show that not only were suitable alternative jobs available to the plaintiff, but that the plaintiff was capable of obtaining one of these jobs. *Tyndall v. Walter Kiddie Co.*, 102 N.C. App. 726, 403 S.E.2d 548, *disc. review denied*, 329 N.C. 505, 407 S.E.2d 553 (1991).

"The standard of review on appeal to this Court of a workers' compensation case is whether there is any competent evidence in the record to support the Commission's findings of fact, and whether

these findings support the conclusions of the Commission." *Russell*, 108 N.C. App. at 765, 425 S.E.2d at 457. The Commission, on remand, was required to determine whether plaintiff suffered a reduction in his capacity to earn, thus qualifying him to be compensated pursuant to North Carolina General Statutes § 97-30.

[1] We observe that plaintiff met his burden of showing he was unable to earn the same wages he had earned before the injury by producing evidence that he obtained employment at a wage less than what he earned prior to the injury. *Russell; Tyndall.* There is no evidence in the record to indicate that defendant, plaintiff's employer, met its burden of showing that alternative jobs were available to plaintiff, and that plaintiff was capable of obtaining one of those jobs. *Id.* Nonetheless, and despite having found that plaintiff had a 10% permanent partial disability of his right foot, the Commission found that

> plaintiff's <u>actual</u> wages decreased, but taking all facts into account, there was no convincing evidence presented . . . that plaintiff's ability to earn the same wages was affected at all by the injury or any resulting physical problems. . . . Plaintiff's wage earning capacity was not affected by his work-related injury. Thus an award under 90-31 is the only alternative in the case at hand. As 97-30 is not applicable based upon the record review as a whole, it cannot be elected over 97-31.

We find that the Commission's findings are conclusory and not supported by competent evidence. As such, because we find that plaintiff's presumption of post-injury diminished earnings capacity was established by plaintiff and unrebutted by defendant, we direct the Commission to allow plaintiff to elect benefits pursuant to North Carolina General Statutes § 97-30.

[2] Finally, plaintiff argues that the Commission committed reversible error by failing to award attorney's fees and costs pursuant to North Carolina General Statutes § 97-88.1. Because we feel that the parties "brought, prosecuted, or defended" this matter with reasonable grounds, we find the Commission properly declined to award attorney's fees in this matter. *See* North Carolina General Statutes § 97-88.1.

Remanded to allow plaintiff to elect benefits pursuant to North Carolina General Statutes § 97-30.

Judge WYNN concurs.

Judge ORR concurs in part and dissents in part.

Judge ORR concurring in part, dissenting in part.

Because I find that the Commission's findings of fact support its conclusion that plaintiff is not entitled to elect benefits under N.C. Gen. Stat. § 97-30 as a matter of law, I respectfully dissent on the election of remedies issue. On the issue regarding attorney's fees, I concur.

Plaintiff has not excepted to the Commission's findings of fact; these findings are, therefore, conclusive on appeal. *See Pratt v. Central Upholstery Co., Inc.*, 252 N.C. 716, 719, 115 S.E.2d 27, 31 (1960). Thus, this Court's review is limited to whether the findings of fact support the legal conclusions of the Commission.

As correctly stated by the majority, an employee is entitled to benefits under N.C. Gen. Stat. § 97-30 "where the incapacity for work *resulting* from the injury is partial[.]" N.C. Gen. Stat. § 97-30 (emphasis added). Thus, N.C. Gen. Stat. § 97-30 "provide[s] compensation for loss of wages *due to* a[n] . . . 'incapacity *because of injury* to earn the wages which the employee was receiving at the time of injury in the same or any other employment.' " *Gupton v. Builders Transport*, 320 N.C. 38, 42, 357 S.E.2d 674, 677-78 (1987) (emphasis added). An employee is entitled to benefits under N.C. Gen. Stat. § 97-30 when he suffers a " ' 'diminution of the power or capacity to earn' " caused by the work-related injury. *Id.* at 42, 357 S.E.2d at 678 (citation omitted).

In the present case, the Commission found (and no exception was taken) that "[p]laintiff's loss of wage-earning capacity was not due to his work-related injury and its aggravation." I would conclude that this finding by the Commission supports a conclusion that plaintiff's loss of wage-earning capacity was not a result of plaintiff's work-related injury and therefore compels the conclusion that plaintiff was not entitled to obtain benefits under N.C.G.S. § 97-30.

Accordingly, I would affirm the Commission's decision to deny plaintiff an election of benefits under N.C.G.S. § 97-30.