***********
Having reviewed the competent evidence of record and having the benefit of the positions of the parties, the Full Commission reverses the Opinion and Award of the deputy commissioner and finds that plaintiff sustained a compensable injury in the course of his employment and awards benefits as stated herein.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and in a Pre-Trial Agreement as
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. Zurich-American Insurance Company is the carrier on risk.
4. A Form 22 was submitted from which an average weekly wage may be determined.
5. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit 1.
6. The issues before the undersigned are: (i) whether plaintiff sustained an injury by accident arising out of and in the scope of his employer with defendant-employer on May 3, 1999; (ii) whether plaintiff was intoxicated or under the influence of a controlled substance listed in the North Carolina Controlled Substance Act, and, if so, whether his injury was proximately caused by his intoxication or by being under the influence of a controlled substance; and (iii) whether compensation, if any, is due plaintiff?
 ***********
Based upon all the competent evidence adduced at the hearing, the Full Commission makes the following additional
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was forty-six (46) years old and had a GED.
2. Prior to the date of the accident, plaintiff had sporadically worked for defendant-employer since October 1998.
3. On May 3, 1999, plaintiff was working on a demolition site inside a building. Plaintiff's responsibilities involved working with a sky jack and knocking down six (6) brick beams. The sky jack upon which plaintiff was working contained a rail to prevent workers from falling off the scaffold. Plaintiff worked on the brick beams from the sky jack until the beams were at such a height that he could continue the demolition work with a sledgehammer on the ground.
4. In the afternoon of May 3, 1999, plaintiff was asked to assist in the demolition of a bathroom. Plaintiff climbed a ladder and knocked a hole in the ceiling of the bathroom with his sledgehammer and then proceeded to walk onto the ceiling. Plaintiff did not know whether the ceiling was constructed of sheetrock or plywood and tested the strength of the ceiling by placing one foot on the surface. Plaintiff felt it was steady so he stepped on to the ceiling with his other foot and at that point the ceiling gave way and he fell to the floor of the bathroom.
5. At the time of plaintiff's injury he had been at work with defendant for in excess of eight hours. There was no testimony from his supervisor(s) or co-workers, and thereby no testimony as to his competency to perform his work before this accident.
6. Plaintiff was taken to the emergency room following the accident where he was diagnosed with a right distal fibula fracture of the right ankle. Plaintiff underwent open reduction and internal fixation of the ankle at the hospital.
7. A urine sample was taken while plaintiff was being treated at the emergency room. This urine sample indicated positive results for cocaine and morphine.
8. Plaintiff asserts the cocaine was in his system as a result of a laced cigar that he had smoked the previous Saturday evening at a party. The injury occurred on Monday afternoon.
9. The morphine found in plaintiff's system was the result of pain medication administered plaintiff following the accident.
10. Plaintiff continued treatment after the surgery at Myers Park Orthopaedic Clinic. Plaintiff was treated by Michael Bosse, M.D. Dr. Bosse performed plaintiff's surgery and indicated plaintiff's fracture had healed appropriately although the healing process was slower than expected.
11. Dr. Bosse found that plaintiff reached maximum medical improvement on May 19, 2000 and released plaintiff from his care with a twenty-five (25%) percent permanent partial disability rating to his lower extremity, which in this case is anatomically limited to the foot, and permanent restrictions of no heavy lifting or repetitive work.
12. Shayne C. Gad, Ph.D., an expert in the field of toxicology reviewed the medical evidence and the hearing testimony. Dr. Gad initially testified the level of cocaine indicated in the urine test did not support plaintiff's testimony that he had smoke a cigar laced with cocaine three (3) days prior to the accident. On further examination, Dr. Gad indicated that the level could arise from smoking cigar(s) laced with concentrated crack cocaine. Dr. Gad testified the level of cocaine revealed in the urine test indicated plaintiff had ingested the cocaine within a three (3) day period of testing and most probably indicated usage within twenty-four (24) hour period prior to the test.
13. On direct examination, Dr. Gad said the cocaine level found in plaintiff could indicate impairment, impaired judgment and some impaired motor skill. Dr. Gad also stated cocaine effects one's judgment and, by definition, therefore, one's ability to reason. On cross-examination, Dr. Gad conceded that was also likely that the cocaine did not impair plaintiff's perception of the ceiling.
14. Based on the greater weight of the credible evidence, the Full Commission finds that defendant has failed to establish that plaintiff's level of cocaine, at the time of injury, impaired plaintiff's ability to perform his job and was a proximate cause of his injury. Although Dr. Gad is of the opinion that the level of cocaine could impair judgment, he could not state that this level, in fact, impaired plaintiff's judgment of the ceiling. The evidence is clear that plaintiff worked for in excess of eight hours before his injury and there was no indication that his judgment was impaired or that his behavior was erratic. The Full Commission finds that this injury was likely to occur whether or not plaintiff had ingested cocaine.
15. A Form 22 included in the record of evidence indicates that plaintiff worked less than 52 weeks during the year prior to this injury. In addition, there are several weeks where the plaintiff only worked one day. The Form 22 indicates that plaintiff worked approximately 19 weeks during the 52 weeks prior to his injury and earned $4148.59, for an average weekly wage of $218.35. This wage would produce a $145.57 compensation rate.
 ***********
The foregoing findings of fact and conclusions of law engender the following addition
 CONCLUSIONS OF LAW
1. On May 3, 1999, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C.G.S. § 97-2(6).
2. The greater weight of the evidence fails to show that the influence of a controlled substance (cocaine) at the time of his accident was a proximate cause of the injury. N.C.G.S. § 97-12.
3. Plaintiff has an average weekly wage of $218.35 which produces a $145.57 compensation rate. N.C.G.S. §§ 97-2(5), 97-29.
4. Plaintiff is entitled to receive total temporary benefits from May 3, 1999, through May 19, 2000, the date he reached maximum medical improvement, at the rate of $145.57 per week. N.C.G.S. § 97-29.
5. Upon reaching maximum medical improvement plaintiff is entitled to receive the greater of his benefits under § 97-29, § 97-30 or § 97-31. Gumpton v. Builders Transp., 320 N.C. 38, 357 S.E.2d 674
(1987). The evidence does not allow the Commission to determine the benefits to which plaintiff is entitled after reaching maximum medical improvement; therefore, this action is remanded to the Deputy Commissioner level to resolve this issue absent agreement by the parties. Hall v. Thomason Chevrolet, 263 N.C. 569, 139 S.E.2d 857
(1965); Strickland v. Burlington Industries, 87 N.C. App. 507,361 S.E.2d 394 (1987).
6. Defendants are responsible to pay for all medical care necessary to cure, give relief, or diminish the period of impairment. N.C.G.S. §§97-2(19), 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Subject to attorneys fees awarded below, defendant shall pay plaintiff total temporary benefits from May 3, 1999, through May 19, 2000, the date he reached maximum medical improvement, at the rate of $145.57 per week. These benefits have accrued and shall be paid in a lump sum.
2. Plaintiff's attorney is entitled to receive 25% of the sums awarded in paragraphs 1 of this Award, which sum shall be withheld from plaintiff's recovery and paid directly to plaintiff's attorney. These benefits have accrued and shall be paid in a lump sum.
3. Defendants are responsible to pay for all medical care necessary to cure, give relief, or diminish the period of impairment.
4. Absent agreement between the parties, this matter is remanded to the deputy commissioner level to determine plaintiff's entitlement to further benefits under § 97-29, § 97-30, or § 97-31.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER