* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gillen and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are properly before the Industrial Commission and the Industrial *Page 2 
Commission has jurisdiction over the parties and the subject matter.
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. This case is subject to the North Carolina Workers' Compensation Act and there was a prior hearing before the Commission, which was finally adjudicated in the North Carolina Court of Appeals by decision dated November 15, 2005. The issues resolved and the decision rendered by the Commission and the North Carolina Court of Appeals are the law of this case and are binding on all parties. Those issues are not before the Commission at this time.
4. An employment relationship existed between plaintiff and defendant-employer.
5. Gallagher Bassett Services, Inc. was the insurer on the risk on the date of injury of January 29, 2001.
6. Plaintiff's average weekly wage was determined by the Commission and the North Carolina Court of Appeals to be $1,097.44, which yields the maximum compensation rate for 2001 of $620.00 per week.
7. The following were received into evidence as stipulated exhibits at the hearing before the Deputy Commissioner:
 a. The Pre-Trail Agreement, marked as stipulated exhibit 1.
 b. Various documents related to this case, collectively paginated 1-205 and marked as stipulated exhibit 2.
8. Admitted into evidence during the Deputy Commissioner's hearing was a DVD containing surveillance video taken January 20-21, 2006, February 8-9, 2006, August 4, 2006, September 11-12, 2006, and December 19-20, 2006. *Page 3 
9. The issue before the Full Commission is whether plaintiff is totally and permanently disabled pursuant to N.C. Gen. Stat. § 97-29.
 * * * * * * * * * * *
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. The findings of fact as found by the Full Commission in the Opinion and Award filed November 4, 2004 are hereby incorporated by reference.
2. Plaintiff completed the 12th grade, but has no subsequent education or certificates. Prior to January 29, 2001, plaintiff worked as a stock room attendant for defendant-employer for 14 years.
3. On January 29, 2001, plaintiff suffered an admittedly compensable injury when he stepped off a pallet and misplaced his foot, causing his ankle to roll, his knee to buckle, and him to fall. As a result of the injury by accident, plaintiff suffered severe injuries to his right knee and ankle. Defendants accepted this claim as compensable with a Form 60 filed March 30, 2001 and have paid plaintiff temporary total disability benefits.
4. To relieve his pain, plaintiff has been taking increasing daily doses of pain medications. Recently, plaintiff underwent radiofrequency ablation and shots for his back pain.
5. Ernest Hodges, PA-C has treated plaintiff for several years for plaintiff's Reflex Sympathetic Dystrophy (RSD)/Complex Regional Pain Disorder (CRPD). Mr. Hodges testified that plaintiff suffers from Type 2 RSD related to the compensable injury of January 29, 2001 and resultant surgery. Mr. Hodges testified that plaintiff was unable to do any manual labor.
6. Dr. Ezell Branham is a psychiatrist who has been in private practice since 1964. *Page 4 
Dr. Branham first saw plaintiff in August of 2002. Dr. Branham first diagnosed plaintiff with major depression related to his RSD/CRPD. As plaintiff's treatment progressed, in 2003, Dr. Branham enhanced plaintiff's diagnosis to include post-traumatic stress disorder (PTSD). Dr. Branham testified that plaintiff's PTSD is causally related to his compensable right leg injury and resulting RSD/CRPD. Dr. Branham testified that the stressor that induced plaintiff's PTSD was "his injury at work and the subsequent received treatment by the personnel at his job."
7. Regarding plaintiff's ability to work, Dr. Branham testified, "I don't feel [plaintiff] can be involved in gainful employment because of his Post Traumatic Stress Disorder."
8. Dr. Timothy Webster is a psychologist and pain management specialist who has treated plaintiff since 2002. Dr. Webster testified that plaintiff suffers from depression or "dysthymic disorder."
9. Dr. Webster testified that plaintiff could return to work "in the right kind of work environment." However, Dr. Webster stated that it would be difficult to find such an environment and further testified that he would defer to Dr. Branham's opinion regarding plaintiff's disability if Dr. Branham were treating him for other conditions.
10. Having considered the testimony of Drs. Branham and Webster, along with their relative expertise and experience as well as the circumstances of their involvement with plaintiff's treatment, the Commission gives greater weight to the testimony and expert opinions of Dr. Branham.
11. The surveillance videos entered into evidence do not depict plaintiff engaged in any conduct that contradicts any of plaintiff's statements, testimony, or medical treatment. The videos do not demonstrate that there has been a substantial change in plaintiff's physical capacity *Page 5 
to earn wages.
12. As a result of his chronic pain and physical condition, plaintiff is severely limited in his ability to walk or stand. Plaintiff must use one or two crutches to ambulate and has a very difficult time going up or down stairs. As a result of his chronic pain, plaintiff cannot sit for more than a few hours at a time and cannot kneel, crawl, stoop, squat, or lift more than a few pounds. Plaintiff cannot do any lifting, pushing, pulling, or carrying that requires two hands.
13. As a result of plaintiff's chronic pain, psychological problems, and pain medication regimen, plaintiff's ability to concentrate has been severely diminished. For example, plaintiff relies on his brother to maintain his checkbook, taxes, and financial records.
14. As a result of injuries sustained in plaintiff's admittedly compensable injury of January 29, 2001 and the resulting RSD/CRPD, chronic pain, and related psychological problems, taken with plaintiff's age, education, and work history, the Commission finds that plaintiff is unable to perform any type of work and is unable to earn wages in any employment on a permanent basis.
15. Neither party pursued any issue in this matter in an unreasonable manner or without reasonable ground.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In order to be found permanently and totally disabled, a plaintiff must produce competent medical evidence that he is not able to perform gainful employment of any kind. Demery v. Perdue Farms, Inc.,142 N.C. App. 259, 545 S.E.2d 485 (2001). Once plaintiff *Page 6 
presents competent evidence of his inability to earn wages, the burden then shifts to defendants to show that plaintiff is capable of obtaining suitable employment, taking into account his physical and vocational limitations. Kennedy v. Duke University Medical Center,101 N.C. App. 24,398 S.E.2d 677 (1990). Where there is no evidence to indicate defendants met their burden, plaintiff is entitled to permanent and total disability benefits. Shaw v. U.P.S., 116 N.C. App. 598,449 S.E.2d 50 (1994), aff'd, 342 N.C. 189, 463 S.E.2d 78 (1995).
2. In the present case, the evidence of record shows that plaintiff is permanently incapable of work in any employment given the physical and mental limitations he suffers as a result of the admittedly compensable injury of January 29, 2001 and the resulting RSD/CRPD, chronic pain, and related psychological problems, taken with his age, work history, transferable skills, and education. Moreover, it would be futile for plaintiff to search for employment given his physical and psychological limitations, taken with his age, work history, transferable skills, and education. Defendants have provided insufficient evidence that suitable jobs are available to plaintiff and that plaintiff is capable of obtaining a suitable job given his physical, psychological, and vocational limitations. For these reasons, plaintiff is totally and permanently disabled pursuant to N.C. Gen. Stat. § 97-29 and the case law.
3. As a result of his admittedly compensable January 29, 2001 injury by accident, plaintiff is permanently totally disabled from any employment and is entitled to receive permanent total disability compensation at a rate of $620.00 per week for the remainder of his life. N.C. Gen. Stat. § 97-29.
4. Defendants did not demonstrate that there has been a substantial change in plaintiff's physical capacity to earn wages and, as such, plaintiff has not undergone a change of condition. N.C. Gen. Stat. § 97-47. *Page 7 
5. Plaintiff is entitled to have defendants pay for all medical treatment incurred or to be incurred by plaintiff as a result of his admittedly compensable injury of January 29, 2001. This treatment includes, but is not limited to, past and future treatment with Mr. Hodges and Drs. Wainer, Koman, Poehling, Webster, Branham, Melloy, and Martin. N.C. Gen. Stat. § 97-25.
6. Defendants are entitled to a credit for the temporary total disability benefits already paid plaintiff in this case. N.C. Gen. Stat. § 97-42.
7. Because neither party pursued any issue in this matter in an unreasonable manner or without reasonable ground, neither party is entitled to attorney's fees as a sanction. N.C. Gen. Stat. § 97-88.1.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to a credit for the temporary total disability benefits already paid plaintiff and the attorney's fee approved below, defendants shall pay plaintiff total and permanent disability compensation at the rate of $620.00 per week from March 18, 2001 and continuing until plaintiff's death.
2. Defendants shall provide all medical treatment incurred or to be incurred as a result of plaintiff's compensable injury to the extent that such treatment is designed to effect a cure, give relief, or lessen his period of disability. This treatment includes, but is not limited to, past and future treatment with Mr. Hodges and Drs. Wainer, Koman, Poehling, Webster, Branham, Melloy, and Martin. *Page 8 
3. A reasonable attorney fee of 25% of the compensation due plaintiff under paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be paid directly to plaintiff's counsel.
4. No attorney's fees under N.C. Gen. Stat. § 97-88.1 are appropriate to be awarded in this matter.
5. Defendants shall pay the costs.
This 9th day of June, 2008.
S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/___________________
BUCK LATTIMORE
COMMISSIONER
S/___________________
PAMELA T. YOUNG
 CHAIR *Page 1