Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, affirms in part and modifies in part the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. An employee-employer relationship existed between the named Employee and named Employer.
2. The Parties are subject to the North Carolina Workers' Compensation Act.
3. The Carrier liable on the risk is correctly named above.
4. The Employee's average weekly wage is $354.40 per week.
5. The Employee sustained an injury on or about June 22, 2004.
6. The injury arose out of and in the course of employment and is compensable.
 * * * * * * * * * * *
Based on the foregoing Stipulations and the evidence presented, the Full Commission makes the following:
 FINDINGS OF FACT
1. The issue on appeal is whether Plaintiff has met his burden of proving disability beginning December 2, 2004, thereby entitling him to temporary total disability benefits.
2. At the time of the hearing before the Deputy Commissioner, Plaintiff was thirty (30) years old. Plaintiff graduated from high school and began employment with his father at a service station performing minor mechanic work. Plaintiff worked for his father from 1993 to 2003.
3. In February 2004, Plaintiff was hired as a tractor driver by Defendant-Employer, a highway construction business. His job duties included driving a tractor or "earth mover," operating a variety of heavy equipment, hauling dirt, digging dirt with a shovel, and preparing the ground for highway asphalt. Plaintiff typically worked for eight to ten (8 to 10) hours a day. Plaintiff did not have any formal training in operating heavy equipment.
4. Plaintiff did not have a valid driver's license and relied on transportation provided by Defendant-Employer to and from the job site.
5. On June 22, 2004, Plaintiff was working on a project in Creswell, North Carolina. While traveling in Defendant-Employer's work van, Plaintiff and his co-workers were injured when the van was rear-ended by a state trooper. The force of the collision pushed the van into oncoming traffic, where it sustained a secondary impact from a tractor-trailer truck. Plaintiff was transported by ambulance from the accident scene to Chowan County Hospital Emergency Room. The results of x-rays of the lumbar and thoracic spine were negative. The results of the CT scans of the cervical and lumbar spine were also negative.
6. On June 25, 2004, and June 28, 2004, Plaintiff treated with Dirks Chiropractic Center for complaints of low back pain, right leg pain and numbness and neck pain. Dr. David Dirks diagnosed Plaintiff with a lumbar strain. On July 7, 2004, chiropractic treatment was discontinued because Defendant-Carrier referred Plaintiff to an orthopaedic physician.
7. On July 7, 2004, Plaintiff sought treatment with Physicians East Urgent Care. After examining Plaintiff and reviewing his CT scans and medical records from the emergency room visit, Dr. Joseph Jordan referred Plaintiff to physical therapy.
8. On August 12, 2004, Plaintiff underwent an MRI scan, which showed small central disc protrusions at L3-4 and L4-5 without nerve root impingement and very mild desiccation of L5-S1 without disc height loss.
9. Defendants arranged for Plaintiff to treat with Kurt Voos, M.D., at the Center for Scoliosis Spinal Surgery. Additionally, a Rehabilitation Professional was assigned to Plaintiff's case.
10. On October 11, 2004, Dr. Voos evaluated Plaintiff and recommended he participate in physical therapy and work hardening. Dr. Voos wrote Plaintiff out of work while he participated in the work hardening program.
11. On October 27, 2004, Plaintiff returned to Dr. Voos upon completion of the work hardening program. Dr. Voos recommended an additional two weeks of work hardening for Plaintiff and a Functional Capacity Evaluation (FCE). Dr. Voos continued Plaintiff's out-of-work status until his next appointment.
12. On November 22, 2004, Dr. Voos indicated Plaintiff had reached maximum medical improvement and assigned a three percent (3%) permanent partial disability rating to the back. Dr. Voos released Plaintiff to return to medium-duty work for eight (8) hours per day. Medium-duty work was defined as exerting twenty to fifty (20 to 50) pounds of force occasionally, ten to twenty-five (10 to 25) pounds of force frequently, and up to ten (10) pounds of force constantly to move objects.
13. Following the accident, Defendant-Employer continued Plaintiff's salary through September 26, 2004. On July 6, 2004, Defendant-Carrier filed a Form 61 Denial of Workers' Compensation Claim on the grounds that there was "no medical compensation to substantiate any lost time." Subsequently, Defendant-Carrier filed a Form 60 Employer's Admission of Employee's Right to Compensation and began payments of temporary total disability on September 27, 2004. Temporary total disability benefits were paid to Plaintiff from September 27, 2004 through November 23, 2004.
14. On November 24, 2004, Plaintiff returned to work for Defendant-Employer as a laborer. Defendant-Employer transported Plaintiff to the job site by company van to Columbia, North Carolina. As a laborer, Plaintiff was required to shovel dirt for eight (8) hours a day. There were four or five (4 or 5) other employees who were also shoveling dirt at the job site. Plaintiff stated that he was in a lot of pain due to the shoveling. After working eight (8) hours as recommended by Dr. Voos, Plaintiff sat in the company van while the rest of the employees completed the ten (10) hour shift. Plaintiff did not work for the following four (4) days due to the Thanksgiving holiday. During his time off, Plaintiff rested, but still experienced pain from the shoveling.
15. Plaintiff returned to work on Monday, November 29, 2004, and was assigned to shovel dirt again for eight (8) hours. Plaintiff took several breaks throughout the day and took pain medication. On Tuesday, November 30, 2004, Plaintiff continued shoveling dirt and taking breaks during his eight (8) hour shift. On Wednesday, December 1, 2004, Plaintiff reported to his supervisor that he was unable to work that day due to his pain. On Thursday, December 2, 2004, Plaintiff returned to work shoveling dirt. Plaintiff did not complete his eight (8) hour shift that Thursday and informed his supervisor that he was in too much pain to continue. Plaintiff did not return to work for Defendant-Employer as of December 2, 2004.
16. Defendants filed a Form 28T, Notice of Termination of Compensation by Reason of Trial Return to Work on November 24, 2004. Plaintiff did not file a Form 28U Employee's Request That Compensation Be Reinstated After Unsuccessful Trial Return to Work.
17. In December 2004, Defendant-Carrier hired a Rehabilitation Professional to obtain a job analysis from Defendant-Employer. Mr. W.G. Willoughby of Roberson Contracting completed and returned the job analysis to Defendant-Carrier on or about December 13, 2004. Defendants sought approval of the written job description from Dr. Voos per the Commission's Rehabilitation Rules. However, Dr. Voos failed to respond to the request for approval of the written job description.
18. During the time Defendants sought approval of the written job description with Dr. Voos, the job analysis was presented to ProActive Therapy for an opinion on whether the job description fitted within the FCE results and return to work test results. On February 11, 2005, Harold Foust of ProActive Therapy compared the job analysis to the FCE. Mr. Foust noted that the FCE is standardized for an eight (8) hour day and did not test for Plaintiff's endurance to withstand a twelve (12) hour day. Further, the FCE did not assess Plaintiff's capability for shoveling and performing axe work.
19. Plaintiff requested a return visit to Dr. Voos, which was arranged by Defendant-Carrier. On March 14, 2005, Dr. Voos examined Plaintiff-Employee, reviewed the results of the FCE and discussed at length his work duties. Dr. Voos released Plaintiff to return to medium-duty work and limited his shoveling to thirty (30) minutes per day.
20. Plaintiff testified that he was under the impression that the Rehabilitation Professional assigned to his case would coordinate his return to work as she had done during his previous return to work in November 2004. As of the date of the hearing before the Deputy Commissioner on April 26, 2005, Defendant-Employer had not contacted Plaintiff about returning to work within his restrictions.
21. Charles Roberson, President and owner of Defendant-Employer, testified that the Columbia, North Carolina, job ended in December 2004. As of March 14, 2005, Mr. Roberson indicated that the only positions available within his company were flagman and laborer jobs in Rockingham, North Carolina. When job locations are beyond daily commuting distance, Mr. Roberson does not transport employees to the location, nor does he provide food or lodging. He will place those employees on unemployment until work in their area becomes available. Mr. Roberson testified that Plaintiff has not been terminated from his company and could return to work if there is an available position.
22. As of the date of the hearing before the Deputy Commissioner, Plaintiff had not returned to work and had not received temporary total disability benefits after he stopped working on December 2, 2004.
23. Based on the greater weight of the evidence, the Full Commission finds that Dr. Voos initially released Plaintiff to return to medium-duty work on November 22, 2004. Defendants, through the Rehabilitation Professional assigned to the case, offered Plaintiff a position as a laborer. Plaintiff accepted the position and attempted to perform the duties assigned, which consisted of shoveling dirt for eight (8) hour shifts. During the performance of this work, Plaintiff experienced severe pain and was unable to continue performing the job after a few days. Plaintiff's efforts to perform the shoveling work assigned to him were reasonable and his failure to continue working after several days of shoveling for eight (8) hours per day was justified as shoveling for eight (8) hours per day was not suitable employment. On March 14, 2005, Dr. Voos examined Plaintiff and discussed at length his work duties as well as reviewed the findings of the job analysis prepared by Mr. Foust. As a result, Dr. Voos modified Plaintiff's work restrictions to include a shoveling limitation of thirty (30) minutes per day. As of March 14, 2005, Defendants were aware that Plaintiff's attempt to return to work was unsuccessful and that Dr. Voos had amended Plaintiff's release to return to work. Following Dr. Voos's amended release to return to work, however, Defendants failed to contact Plaintiff and offer him suitable employment because they had no work available in Plaintiff's geographical area.
24. Plaintiff's trial return to work on November 22, 2004, was an unsuccessful trial return to work within the meaning of N.C. Gen. Stat. § 97-32.1. Plaintiff reported the unsuccessful attempt to return to work to Defendant-Employer and to his treating physician, Dr. Voos. Defendants had immediate, actual knowledge of the difficulties Plaintiff experienced during his attempt to return to work, and were aware that the trial return to work was unsuccessful. Plaintiff's benefits should have been reinstated effective to the date of his failed trial return to work.
25. There is insufficient medical evidence to establish whether his restriction to medium-duty work caused Plaintiff any disability after March 14, 2005. Whether he is entitled to disability compensation thereafter should be reserved for subsequent determination.
26. Plaintiff's average weekly wage was $354.40, with a resulting compensation rate of $236.28.
27. The medical treatment Plaintiff received for his compensable injury was causally related to his workplace injury and was reasonably required to effect a cure, provide relief and lessen his disability.
 * * * * * * * * * * *
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission concludes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident arising out of and in the course of his employment on June 22, 2004. N.C. Gen. Stat. § 97-2(6).
2. In order to receive disability compensation, the employee has the burden of proving the existence of that disability and its extent. Perkins v. U.S. Airways, ___ N.C. App. ___,628 S.E.2d 402 (2006). The burden may be met in one of four ways: (1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment[;] or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury. Russell v. Lowes Product Distribution,108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993). In the instant case, Dr. Voos initially released Plaintiff to return to medium-duty work on November 22, 2004. Defendants, through the Rehabilitation Professional assigned to the case, offered Plaintiff a position as a laborer. Plaintiff accepted the position and attempted to perform the duties assigned, which consisted of shoveling dirt for eight (8) hour shifts. During the performance of this work, Plaintiff experienced severe pain and was unable to continue performing the job after a few days. On March 14, 2005, Dr. Voos had the opportunity to examine Plaintiff and discuss at length his work duties as well as review the findings of the job analysis prepared by Mr. Foust. As a result, Dr. Voos modified Plaintiff's work restrictions to include a shoveling limitation of thirty (30) minutes per day. Following Dr. Voos's amended release to return to work, Defendants failed to contact Plaintiff and offer him suitable employment and Defendants had no suitable employment for Plaintiff in a reasonable traveling distance from his residence.
3. Plaintiff's trial return to work on November 22, 2004, was an unsuccessful trial return to work within the meaning of N.C. Gen. Stat. § 97-32.1. Plaintiff reported the unsuccessful attempt to return to work to Defendant-Employer and to his treating physician, Dr. Voos. Defendants had immediate actual knowledge of the difficulties Plaintiff experienced during his attempt to return to work, and were aware that the trial return to work was unsuccessful. Defendants were obligated to reinstate Plaintiff's compensation after the trial return to work failed. N.C. Gen. Stat. § 97-32.1.
4. Defendants failed to offer Plaintiff suitable employment following Dr. Voos's most recent restrictions regarding Plaintiff's shoveling limitations; however, Plaintiff was still considered an employee. N.C. Gen. Stat. § 97-32.
5. There is insufficient medical evidence to establish the extent of Plaintiff's disability after March 14, 2005. Clark v.Wal-Mart, 360 N.C. 41, 619 S.E.2d 491 (2005).
6. Plaintiff's average weekly wage was $354.40, with a resulting compensation rate of $236.28. N.C. Gen. Stat. §97-2(5).
7. Plaintiff is entitled to reinstatement of temporary total disability compensation at the rate of $236.28 per week from December 2, 2004 through March 14, 2005. Whether he is entitled to disability compensation thereafter should be reserved for subsequent determination. N.C. Gen. Stat. §§ 97-29; 97-30 and97-31.
8. Plaintiff has reached maximum medical improvement and has a three percent (3%) permanent partial impairment rating to his back. Plaintiff is entitled to make an election between the more munificent of continuing wage loss after maximum medical improvement, if any, or the three percent (3%) permanent partial disability rating. Without additional evidence on disability after March 14, 2005, the Full Commission is unable to determine the more favorable benefits to Plaintiff at this time. Gupton v.Builders Trans., 320 N.C. 38, 357 S.E.2d 674 (1987).
9. As a result of his compensable injury, Plaintiff is entitled to payment for all reasonable medical expenses incurred or to be incurred as a result of his compensable injury for so long as said treatment effects a cure, gives relief, or lessens Plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
 1. Subject to a reasonable attorney's fee provided herein, Defendants shall pay to Plaintiff temporary total disability compensation at a rate of $236.28 per week for the period beginning December 2, 2004 through March 14, 2005. This amount has accrued and shall be paid to Plaintiff in a lump sum. Whether he is entitled to temporary total disability compensation thereafter is reserved for subsequent determination.
 2. Defendants shall pay all medical expenses incurred or to be incurred by Plaintiff as a result of his compensable injury, when bills for the same have been submitted and approved according to procedures adopted by the Industrial Commission, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen Plaintiff's period of disability.
 3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation due Plaintiff under Paragraph 1 of this AWARD is hereby approved for Plaintiff's counsel. Twenty-five percent (25%) of the compensation due Plaintiff shall be deducted from that sum and paid directly to Plaintiff's counsel.
 4. Defendants shall pay the costs.
 * * * * * * * * * * *
Based upon the foregoing, the Full Commission enters the following:
 ORDER
There is insufficient medical evidence to establish the extent of Plaintiff's disability after March 14, 2005. Accordingly, the record is reopened for additional evidence to determine whether Plaintiff remained totally disabled or suffered any diminution in wage-earning capacity after March 14, 2005, and for Plaintiff to elect the more favorable benefits.
This the __ day of August 2006.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER